230 N.J. Super. 451 (1989)
553 A.2d 869
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
ONE 1986 SUBARU, N.J. REG. AXB-13X, SERIAL NO. JFIAX45B3GB302047, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1988.
Decided February 9, 1989.
*453 Before Judges J.H. COLEMAN, DEIGHAN and BAIME.[1]
John S. Redden, Deputy First Assistant Prosecutor, argued the cause for appellant, cross-respondent (Herbert H. Tate, Jr., Prosecutor of Essex County, attorney; John S. Redden of counsel and on the brief).
Ralph A. Colasanti argued the cause for respondent, cross-appellant.
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The crucial questions raised in this appeal are whether (1) an automobile used to cause the death of another, contrary to N.J.S.A. 2C:11-5, is subject to forfeiture under N.J.S.A. 2C:64-1a(2) and (2) an unjustifiable delay in serving the summons and complaint for forfeiture warrants dismissal of the complaint. The trial judge dismissed the verified complaint for forfeiture on the ground that the complaint failed to state a cause of *454 action. R. 4:6-2(e). He denied a motion to dismiss for failure to serve the summons and complaint as required by R. 4:4-1. We hold that the complaint stated a cause of action but should have been dismissed for failure of timely service.
On October 1, 1987, an investigator of the Essex County Prosecutor's Office filed a criminal complaint against Anthony Matarazzo charging him with causing death by auto. The complaint charged Matarazzo with "causing the death by auto of Steven Janczewsky by striking him with a 1986 Subaru ... while driving at a high rate of speed, far in excess of the legal speed limit, and in a reckless manner ... in violation of N.J.S.A. 2C:11-5, a crime of the Third Degree." The complaint alleged that the offense occurred on April 26, 1986. The criminal charge was still pending at the time of oral argument.
Anthony Matarazzo, the owner and operator of the car, (claimant) was arrested on October 1, 1987. The 1986 Subaru was seized at or about the time of the arrest. A verified complaint for forfeiture of the car was received by the Clerk of the Superior Court in Trenton on December 23, 1987. The Clerk's Office returned the complaint to the Prosecutor's Office because the caption contained the designation "Special Civil Part." The Prosecutor's Office was advised to file the complaint in Essex County. This communication was received by the Prosecutor's Office on January 11, 1988. The "Special Civil Part" designation was removed and the complaint was resubmitted immediately to the Superior Court Clerk in Trenton. The corrected complaint was filed by the Clerk on January 13, 1988. The complaint and summons were served on Matarazzo on March 8, 1988.
On March 3, 1988, the Prosecutor's Office filed a motion pursuant to N.J.S.A. 2C:64-3h for authorization to use the Subaru pending disposition of the forfeiture complaint. The claimant filed a cross-motion to (1) dismiss the forfeiture complaint, (2) return the car to him, and (3) dismiss plaintiff's motion to use the car. A hearing on the motion and cross-motion *455 was conducted on March 18, 1988. At the conclusion of the hearing, the judge dismissed the complaint for failure to state a claim upon which relief can be granted. R. 4:6-2(e). He denied the claimant's applications to dismiss the forfeiture complaint for failure to file the complaint timely and for failure to issue the summons within 10 days after the complaint was filed. The State has appealed from the dismissal of the complaint and the claimant has cross-appealed.
In its appeal, the State contends "the trial court erred in dismissing the complaint since the complaint clearly stated a claim for relief and since no facts were presented to the court contradicting the allegations in the complaint." The State argues that although the record is not clear as to why the complaint was dismissed, the judge labored under the erroneous legal perception that use of the car in an ongoing criminal enterprise, rather than a single criminal episode, was required before a forfeiture was authorized by the legislature.
Forfeitures in this State are controlled by N.J.S.A. 2C:64-1 et seq. A complaint for forfeiture is an in rem action, not against the owner or possessor of the property but against the property itself, which is treated as the real offender. State v. 1979 Pontiac Trans Am, Color Grey, 98 N.J. 474, 480 (1985); Spagnuolo v. Bonnet, 16 N.J. 546, 560 (1954); State v. Moriarty, 97 N.J. Super. 458, 473 (Law Div. 1967), aff'd sub nom. in Farley v. $168,400.97, 55 N.J. 31 (1969). This theory of forfeiture is based on the misuse of the property rather than resulting from the commission of an offense by its owner or user. It has been said that our statutory forfeiture "is limited to the offending property itself, `which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimated and insentient.' [citations omitted]." Farley v. $168,400.97, supra, 55 N.J. at 37-38. A legislative or statutory forfeiture ascribes to the property a power of complicity and guilt in the wrong. By contrast, in a criminal prosecution "it is the wrongdoer in person who is *456 proceeded against, convicted and punished." Various Items of Personal Property v. United States, 282 U.S. 577, 580-581, 51 S.Ct. 282, 283-284, 75 L.Ed. 558, 561 (1931).
This in rem forfeiture action is somewhat analogous to the law of deodand; "by which a personal chattel that was the immediate cause of the death of any reasonable creature was forfeited.... [Like in Mosaical law] `[i]f an ox gore a man that he die, the ox shall be stoned, and his flesh shall not be eaten.'" J.W. Goldsmith, JR.-Grant Company v. United States, 254 U.S. 505, 511, 41 S.Ct. 189, 191, 65 L.Ed. 376, 379 (1921). See also State v. 1979 Trans Am, supra, 98 N.J. at 479-480. Currently, our forfeiture statute represents a legitimate exercise of the State's police power of preventing further unlawful use of property because of the statute's punitive and deterrent effect. Id. at 481-484; see Lopez v. N.J. Bell Telephone Co., 51 N.J. 362 (1968).
It is undisputed that if the automobile involved in this case is subject to forfeiture, it falls in the category of nonprima facia contraband. This category of contraband is controlled by N.J.S.A. 2C:64-1a(2), which provides:
a. Any interest in the following shall be subject to forfeiture and no property right shall exist in them:
(2) All property which has been, or is intended to be, utilized in furtherance of an unlawful activity, including, but not limited to, conveyances intended to facilitate the perpetration of illegal acts, or buildings or premises maintained for the purpose of committing offenses against the State.
Under subsection a(2), the legislature obviously intended to require "the State to prove the contraband nature of the seized property and to allow the owner ... to defend against the seizure." State v. Cavassa, 228 N.J. Super. 204, 207-208 (App. Div. 1988). The crucial issue before us is whether the Subaru was "utilized in furtherance of an unlawful activity."
The words "utilized in furtherance of an unlawful activity" must be given their regular and ordinary meaning. The word "furtherance" is defined to mean "helping forward, promotion, advancement, or progress." Webster's New International Dictionary *457 (2nd Ed) and Black's Law Dictionary (4th Ed). In State v. One (1) 1979 Chevrolet Camaro Z-28, 202 N.J. Super. 222, 230 (App.Div. 1985), we concluded that "unlawful activity" for purposes of N.J.S.A. 2C:64-1a(2) means indictable offenses. Causing death by auto is an indictable offense. N.J.S.A. 2C:11-5.
The prepositional phrase "utilized in furtherance of an unlawful activity" refers to a tie of causality or dependency. Even though our forfeiture statute creates a right of action against the property, it nevertheless requires a direct causal relationship between the use of the property and the unlawful activity. See Ben Ali v. Towe, 30 N.J. Super. 19, 24 (App.Div. 1954). Here, causing death by auto depended on using the car in a reckless manner. N.J.S.A. 2C:2-3a(1) provides that "conduct is the cause of a result when it is an antecedent but for which the result in question would not have occurred." It was the car which its owner operated allegedly in a reckless manner while drag racing. Similarly, it was the car which allegedly struck and killed the victim. Under the alleged facts, the relationship between the car and the death was causal and not simply casual.
The claimant urges us to engraft an exemption on the statute to disallow forfeiture in indictable cases where the property has not been utilized in a continuing criminal enterprise or as a means of conveyance in a single criminal episode. Such a reading of the statute would be unjustifiably restrictive in the face of statutory language authorizing forfeiture of "[a]ll property which has been ... utilized in furtherance of an unlawful activity...." Even though forfeiture statutes are disfavored in the law, State v. One (1) Pontiac Sunbird, 191 N.J. Super. 578, 584 (App.Div. 1983), and are required to be construed strictly, State v. One (1) Ford Van Econoline, 154 N.J. Super. 326, 331-32 (App.Div. 1977), certif. den. 77 N.J. 474 (1978), we cannot ignore the clear expression of the legislature. Ibid. We are obligated to give effect to the legislative intent. *458 Monmouth County v. Wissell, 68 N.J. 35 (1975); Coletti v. Un. Co. C. Freeholders, 217 N.J. Super. 31, 35 (1987).
In determining legislative intent we have considered the language of the statute, the policy behind it, concepts of reasonableness and the scant legislative history. Shapiro v. Essex County Freeholder Board, 177 N.J. Super. 87 (Law Div. 1980), aff'd 183 N.J. Super. 24 (App.Div.), aff'd 91 N.J. 430 (1982). We conclude that if the car was driven recklessly as defined in N.J.S.A. 2C:2-2b(3) and caused the death of Steven Janczewsky as required by N.J.S.A. 2C:11-5, and as alleged in the complaint, then the car is subject to the forfeiture provisions of N.J.S.A. 2C:64-1a(2). Consequently, the complaint was improperly dismissed for failure to state a cause of action.
But that is not the end of this appeal for the owner has filed a cross-appeal. The owner-operator contends the complaint should have been dismissed because it was not filed within 90 days after the seizure as required by N.J.S.A. 2C:64-3a. This contention is clearly without merit. R. 1:5-6(c) required the Clerk to file the complaint on December 23, 1987, the date it was received. The Prosecutor's Office requested that the filing fees be charged to its account. In these circumstances, the complaint is deemed filed on December 23, 1987. Waite v. Doe, 204 N.J. Super. 632, 635-637 (App.Div. 1985), certif. den. 102 N.J. 398 (1986).
The claimant further contends the complaint should have been dismissed for failure to issue the summons within 10 days as required by R. 4:4-1. As noted previously, the corrected complaint was filed by the Clerk on January 13, 1988. The complaint and summons were not served on the claimant until March 8, 1988. R. 4:37-2(a) provides that the court, in its discretion, may dismiss a complaint for failure to issue the summons within 10 days. At the hearing below, the Prosecutor's Office gave no explanation for the delay except for the mix-up in filing the complaint. We must decide whether the *459 trial judge abused his discretion in failing to dismiss the complaint pursuant to R. 4:37-2(a).
Courts must be solicitous in ensuring that persons not be deprived of their property without due process of law. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); State v. 1979 Trans Am, supra, 98 N.J. at 481. This principle has special meanings where the property involves detention of an automobile. Apart from loss of use, the vehicle is a wasting asset which tends to decline in value with the passage of time. See United States v. One 1971 Opel G.T., 360 F. Supp. 638, 641 (C.D.Cal. 1973). Consequently, the requirement of N.J.S.A. 2C:64-3a that the complaint for forfeiture of nonprima facie contraband be filed "within 90 days of the seizure" is of constitutional dimension. State v. Cavassa, supra, 228 N.J. Super. at 210; State v. One (1) Ford Van Econoline, 154 N.J. Super. 326, 336 (App.Div. 1977).
The policy behind R. 4:4-1 and R. 4:37-2(a) (and its predecessor R. 4:42-2(a)) requirement that the summons be issued "within 10 days after the filing of the complaint" was succinctly stated in X-L Liquors, Inc. v. Taylor, 17 N.J. 444 (1955). Our Supreme Court observed:
They are designed to insure that after plaintiff has filed his complaint he will diligently cause the summons to be issued so that the defendant will be advised of the complaint and be afforded early opportunity to answer or take such other steps as he considers appropriate. [17 N.J. at 453; emphasis added]
See also Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 344-346 (1984); Moschou v. DeRosa, 192 N.J. Super. 463, 466-467 (App.Div. 1984). The need for strict compliance with the filing requirement of N.J.S.A. 2C:64-3a and the issuance and service of the summons required by R. 4:4-1 is essential to avoid an unconstitutional deprivation of property during the intervening period. The claimant asserts that he was unaware that a claim for forfeiture would be made before March 4, 1988 when he received a notice from the Essex County Prosecutor to use the vehicle. He states that the summons and complaint were not served on him until March 8, 1988, which was 160 days after *460 seizure of the vehicle. Prior to receipt of the notice on March 4, 1988 of the prosecutor's desire to use the car, the claimant was under the impression that his car was being held solely as evidence in the impending criminal case.
The prosecutor's reliance on two recent Supreme Court decisions is misplaced. The first is United States v. $8,850, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). Even though the complaint for forfeiture was not filed for 18 months after seizure of noncontraband, the claimant was notified 10 days after seizure that the property was subject to forfeiture and that the claimant had the right to file an administrative petition with the U.S. Customs Service for remission or mitigation. Also, there was no special requirement or bright line dictating when a post-seizure complaint for forfeiture had to be filed.
In the second case, the prosecutor mistakenly cites United States v. John Von Neumann, 474 U.S. 242, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986) for the proposition that a "36 month delay did not violate due process in the absence of prejudice." Von Neumann involved a 36 day delay by the U.S. Customs Service in responding to the claimant's petition for remission of forfeiture and penalties which the claimant filed on the day his car was seized. In both cases, no statute, court rule or administrative rule dictated when a post-seizure complaint for forfeiture had to be filed. More important, however, is the fact that the claimant in each case was on notice of an impending forfeiture with 36 days of seizure. In the present case, the New Jersey Legislature has directed that the complaint must be filed within 90 days and R. 4:4-1 contemplated service of the complaint within 10 days. Claimant received his first notice of possible forfeiture 156 days after seizure.
It would be incongruous indeed to require filing the complaint within 90 days for constitutional reasons and not require the complaint be served on the claimant promptly after filing. We are persuaded therefore, that failure to issue the summons within 10 days after January 13, 1988 has the clear capacity to *461 prejudice the claimant in an action for forfeiture of a noncontraband automobile. See State v. Fort, 101 N.J. 123, 130-131 (1985). This conclusion becomes even more compelling in the light of existing precedent holding that "forfeitures are not generally favored in the law." State v. 1979 Pontiac Trans Am, supra, 98 N.J. at 483, and that such statutes should be construed strictly.
Absent a justifiable delay in serving the summons and complaint, we conclude the judge mistakenly exercised his discretion by denying the claimant's motion to dismiss the complaint pursuant to R. 4:37-2(a). But because the complaint was dismissed, albeit on other grounds, the dismissal is affirmed.
NOTES
[1] Judge Baime did not participate in the oral argument, but counsel have consented to his participation in the final decision.