678 A.2d 741

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT/CROSS–AP-
PELLANT, v. $3,000.00 IN UNITED STATES CURRENCY;
$309.00 IN UNITED STATES CURRENCY; THE CONTENTS OF
ACCOUNT NO. 070–01374–8 AT IRVING SAVINGS AND LOAN;
THE CONTENTS OF ACCOUNT NO. 07–5114 AT IRVING SAV-
INGS AND LOAN; AND A RED PORSCHE, VIN
# WPOAA0947GN454198, DEFENDANT–APPELLANT/CROSS–
RESPONDENT, AND FRANK FIRRITO, CLAIMANT–APPEL-
LANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 21, 1996—Decided July 18, 1996.

Before Judges PRESSLER, KEEFE and WEFING.

*Rick A. Garcia* argued the cause for appellant/cross-respondent (*John Vincent Saykanic,* on the brief).

*Terry Bogorad,* Assistant Prosecutor, argued the cause for respondent/cross-appellant (*Ronald S. Fava,* Passaic County Prosecutor, attorney; *Ms. Bogorad,* on the brief).

*Lisa Sarnoff Gochman,* Deputy Attorney General, argued the cause on behalf of amicus curiae State of New Jersey (*Deborah T. Poritz,* Attorney General, attorney; *Ms. Gochman,* of counsel and on the brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

This is an *in rem* civil forfeiture proceeding pursuant to *N.J.S.A.* 2C:64–1 to –9 arising out of the arrest and conviction on drug trafficking charges of claimant Frank Firrito. Five items of personal property are involved: $3,000 in small bills found in a briefcase in claimant's apartment, $309 found on his person, his Porsche automobile, and a checkbook and a passbook evidencing his accounts in the Irving Savings and Loan Association in undisclosed amounts. On the State's motion for partial summary judgment directing the forfeiture of some but not all of these items, the trial judge entered an order of forfeiture against the automobile and the $309. Thereafter claimant moved before another judge for dismissal of the action against the remaining property. That motion was granted on double jeopardy grounds. Claimant then unsuccessfully moved the first judge for reconsideration of his partial summary judgment on the basis of the reasoning of the second judge. Claimant now appeals from the first judge's orders adverse to him, and the State cross appeals from the adverse order of the second judge dismissing the balance of its complaint.

We reverse all the orders appealed from and remand for further proceedings. In sum, we conclude, on the basis of *United States v. Ursery*, —— *U.S.* ——, 116 *S.Ct.* 2135, 135 *L.Ed.*2d 549 (1996), that the second judge erred in holding the forfeiture action barred by double jeopardy principles. On the other hand, we are satisfied that claimant must be afforded a reasonable opportunity to demonstrate, as he contends, that the property sought to be forfeited represents neither the proceeds of illegal activity nor was used in connection with or to facilitate that activity. He is also entitled to resist the forfeiture on the ground of excessiveness of fine in contravention of the Eighth Amendment of the Constitution.

The facts that give rise to this controversy are not in substantial dispute. Claimant, a suspected drug dealer, was the subject of police surveillance. He was observed making apparent drug sales both on foot and while driving the Porsche. After a number of transactions were observed, he was arrested just as he had entered the Porsche, and a glassine envelope containing heroin was removed from the vehicle. Claimant was arrested, and a search of his person yielded, among other items, $309 in cash. A search warrant for the car and claimant's apartment was then issued and executed. The search of the car yielded the Irving Savings and Loan checkbook. While searching the apartment, the officers discovered thirteen glassine envelopes of heroin and six tinfoil packets of cocaine just outside the apartment. The briefcase containing the $3,000 was in fairly close proximity to the drugs in a hallway in the apartment. The Irving Savings and Loan passbook was found in the bedroom.

The arrest took place on June 25, 1991. This forfeiture complaint, to which claimant responded with a general denial, was filed on June 27, 1991. An indictment against claimant was returned on October 3, 1991, charging him with eight third-degree counts of possession of heroin and cocaine, possession with intent to distribute, possession with intent to distribute within 1,000 feet of a school, distribution, and distribution within 1,000 feet of a

school. The charges were disposed of by claimant's entry of a negotiated plea of guilty on January 8, 1992, to one count of possession with intent to distribute within 1,000 feet of a school in return for the dismissal of all other counts and the prosecutor's favorable sentencing recommendation. At the plea proceeding, claimant acknowledged his understanding that the State was reserving its right to proceed with the forfeiture action. Defendant was eventually sentenced to a five-year probationary term subject to the condition of 120 days of jail time, a DEDR penalty of $1,000, and a VCCB penalty and lab fee of $50 each.

In May 1993 the State moved for partial summary judgment in the forfeiture action asserting that there was no genuine dispute of material fact regarding the status of the money, both the $3,000 in the briefcase and the $309 on claimant's person when he was arrested, as proceeds of illegal drug trafficking. The State also so asserted in respect of the car, claiming that, beyond factual dispute, the vehicle was either used to facilitate commission of the crime or was itself representative of the proceeds of crime. Claimant resisted the motion denying that either the money or the car were proceeds of criminal activity and asserting that he had been employed sufficiently regularly to have earned the money. The first motion judge was satisfied that while claimant's response was sufficient to raise a factual question as to the $3,000 in the briefcase, it did not raise an adequate factual dispute as to the $309 found on his person or as to the car in which a glassine envelope was found and which, the State had demonstrated, had been used in trafficking. Accordingly, the summary judgment motion was denied as to the $3,000 but granted as to the smaller sum and the car.

Thereafter claimant moved for dismissal of the balance of the forfeiture action on double jeopardy grounds. That motion was heard and granted by a second judge who, relying on *United States v. $405,089.23 U.S. Currency*, 33 *F*.3d 1210 (9th Cir.1994), concluded that successive criminal and civil forfeiture actions arising out of the same event with imposition of separate punish-

ment in each violated the defendant/claimant's constitutional protection against double jeopardy. Following the trial judge's order, the Sixth Circuit concurred. *See United States v. Ursery*, 59 *F*.3d 568 (6th Cir.1995). Nevertheless the first trial judge declined, on defendant's subsequent motion, to reconsider the contrary conclusion on which his partial summary judgment was based.

While this appeal was pending, the United States Supreme Court, having granted the government's petitions for *certiorari*, reversed the federal appeals court rulings in both *Ursery* and *$405,089.23* in *United States v. Ursery, supra*, —— *U.S.* ——, 116 *S.Ct.* 2135, 135 *L.Ed.*2d 549. Its holding is clear and unambiguous. For purposes of the Double Jeopardy Clause, civil forfeiture provided for by 21 *U.S.C.A.* § 881(a)(6) and (7) (property constituting proceeds of or facilitating illegal drug transactions) and by 18 *U.S.C.A.* § 981(a)(1)(A) (property involved in money laundering) does not constitute punishment within the intendment of the Double Jeopardy Clause of the Fifth Amendment. It is plain that for purposes of double jeopardy analysis, the New Jersey *in rem* forfeiture statute, *N.J.S.A.* 2C:64–1 *et seq.*, is substantially the same as the federal legislation.

We understand that as a basic principle of federalism, the state courts may, in interpreting both state and federal constitutions, afford their citizens a broader scope of personal protection than is minimally required by the constitutional interpretations of the United States Supreme Court. *See, e.g.,* in respect of searches and seizures, *State v. Pierce*, 136 *N.J.* 184, 208–209, 642 *A.*2d 947 (1994); *State v. Hempele*, 120 *N.J.* 182, 195–198, 576 *A.*2d 793 (1990); *State v. Alston*, 88 *N.J.* 211, 225–226, 440 *A.*2d 1311 (1981). Nevertheless, the New Jersey Supreme Court has already noted the general congruency between federal and state constitutional bars against double jeopardy. *State v. Maldonado*, 137 *N.J.* 536, 580, 645 *A.*2d 1165 (1994); *State v. Yoskowitz*, 116 *N.J.* 679, 689–691, 563 *A.*2d 1 (1989); *State v. DeLuca*, 108 *N.J.* 98, 102, 527 *A.*2d 1355 (1987). Beyond that, the Court has signalled its acceptance of federal jurisprudence in respect of civil

forfeiture classifications and consequences. *See State v. Seven Thousand Dollars,* 136 *N.J.* 223, 236, 642 *A.*2d 967 (1994). We are, therefore, satisfied that we are obliged to follow *Ursery.*

■ The inapplicability of a double jeopardy bar to the State's right to prosecute this civil forfeiture action is not, however, the end of the matter. *N.J.S.A.* 2C:64–1a defines the four categories of property subject to forfeiture, namely, *prima facie* contraband; property used or intended to be used in furtherance of an unlawful activity, including motor vehicles and buildings; property that has become or is intended to become an integral part of illegal activity; and proceeds of illegal activities. The State contends that all five items of property it seeks to have forfeited here are proceeds of illegal activity and that, in addition or alternatively, the Porsche is property that was used to facilitate illegal activity. The problem here is that the claimant denies that the property either constituted proceeds of or was used to facilitate crime. The State, which bears the burden of proof, has not yet been afforded the opportunity to prove its contentions in respect of the two bank accounts and the $3,000 in currency. Nor, by reason of the partial summary judgment, did claimant have the opportunity to present his countervailing proofs as to the car and the cash on his person. Those proofs must be presented now, consistent with the standards of proof prescribed by *State v. Seven Thousand Dollars, supra.*

■ There is a further matter to be addressed. Claimant has argued that entirely aside from a double jeopardy constitutional bar, the forfeiture here would constitute an excessive fine in violation of the Eighth Amendment of the Constitution. *See generally Austin v. United States,* 509 *U.S.* 602, 113 *S.Ct.* 2801, 125 *L.Ed.*2d 488 (1993). We agree that pursuant to *Austin,* civil forfeitures may constitute punishment for Eighth Amendment purposes even if they do not do so for purposes of the Double Jeopardy Clause. The question, then, is whether the forfeiture of all or any of the five items of property here would constitute an

excessive fine should the property be deemed forfeitable under *N.J.S.A.* 2C:64–1a.

■■■■■ To begin with, we are satisfied that the excessiveness question does not arise at all as to money constituting the direct proceeds of illegal activity. As Justice Stevens, the lone dissenter in *Ursery,* made clear in respect of funds that are the proceeds of illegal activity:

> They are not property that respondents have any right to retain. The forfeiture of such proceeds, like the confiscation of money stolen from a bank, does not punish respondents because it exacts no price in liberty or lawfully derived property from them. I agree that the forfeiture of such proceeds is not punitive. . . .
>
> [*Ursery, supra,* —— *U.S.* at ——, 116 *S.Ct.* at 2152, 135 *L.Ed.*2d at 574.]

As a simple definitional matter, a forfeiture that is not punitive cannot be subject to Eighth Amendment constraints any more than to double jeopardy constraints. Consequently, the trial court need not consider claimant's excessiveness argument in respect of funds held to be direct proceeds.

■■■■■ The excessiveness argument must, however, be addressed should the trial court determine that any of the property, most likely the car, is forfeitable not as proceeds but as property used in furtherance of illegal activity. Excessiveness is, obviously, a matter of proportionality. The New Jersey Supreme Court in *State v. Seven Thousand Dollars, supra,* 136 *N.J.* at 235, 642 *A.*2d 967, adopted the formulation of a proportionality standard proposed by Justice Scalia's concurring opinion in *Austin, supra,* 509 *U.S.* at 621–23, 113 *S.Ct.* at 2812, 125 *L.Ed.*2d at 506. That standard requires that in making the excessiveness determination, "the Court should focus on the depth of the connection between the crime and the property rather than on the value of the penalty in relation to the offense." *State v. Seven Thousand Dollars, supra,* 136 *N.J.* at 235, 642 *A.*2d 967 (citing *Austin, supra,* 509 *U.S.* at 627–29, 113 *S.Ct.* at 2815, 125 *L.Ed.*2d at 509 (Scalia, J., concurring)). That relationship between the property and the crime will determine the excessiveness question.

The order appealed from by the State dismissing the forfeiture complaint on double jeopardy grounds is reversed. The order appealed from by claimant summarily forfeiting the Porsche automobile and $309 is reversed. We remand for an evidential hearing on all items of property consistent with this opinion.