704 A.2d 90

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT/CROSS–RE-
SPONDENT, v. 1987 CHEVROLET CAMARO, IROC–Z28, N.J.
REG. ACA6800, VIN 1G1FP21F5HN145997, DEFENDANT–RE-
SPONDENT/CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 2, 1997—Decided January 7, 1998.

Before Judges LONG, KLEINER and KIMMELMAN.

*Donald C. Campolo*, Deputy Attorney General, Acting Essex County Prosecutor, attorney for appellant/cross-respondent (*Gary A. Thomas*, Assistant Prosecutor, of counsel and on the brief).

*Allen J. Schaefer, Jr.*, claimant, submitted a pro se brief.

The opinion of the court was delivered by

KLEINER, J.A.D.

This appeal presents the question of whether a trial judge presiding in the Law Division, Special Civil Part, abused her discretion in dismissing with prejudice the *in rem* forfeiture complaint filed by plaintiff, the State of New Jersey, pursuant to *N.J.S.A.* 2C:64–1 *et seq.* seeking forfeiture of claimant Allen L. Schaefer, Jr.'s 1987 Chevrolet Camaro Z–28 for failure to answer interrogatories.

Claimant has filed a cross-appeal contending that the motion judge erred in failing to dismiss plaintiff's forfeiture complaint on grounds of double jeopardy, citing *United States v. Ursery*, 518 *U.S.* 267, 116 *S.Ct.* 2135, 135 *L.Ed.*2d 549 (1996),[1] and on a theory of collateral estoppel. He raised both issues in a motion, which was denied, prior to the entry of the order dismissing plaintiff's complaint for failure to answer interrogatories.

We conclude that under the unique facts of this case, the judge abused her discretion in dismissing with prejudice plaintiff's com-

---

[1] Claimant presented this argument in his initial motion and cross-appeal. On appeal, he contends that our decision in *State v. $3,000 in U.S. Currency*, 292 *N.J.Super.* 205, 678 *A.2d* 741 (App.Div.1996), incorrectly relied on *Ursery* and should be distinguished in the disposition of his cross-appeal. We need not decide that issue.

plaint and therefore we reverse. For the reasons expressed in part VI, we conclude that the record on claimant's cross-appeal is inadequate to consider the issues raised on the merits. Accordingly, we reverse and remand for reconsideration of claimant's original motion which sought dismissal of plaintiff's complaint on collateral estoppel and double jeopardy grounds.

## I

*N.J.S.A.* 2C:64–1 *et seq.,* which creates a statutory scheme for forfeiture, was enacted as part of the New Jersey Code of Criminal Justice, Title 2C, by Laws 1978, Chapter 95, generally effective September 1, 1979. "A civil forfeiture proceeding is brought not against the owner or possessor of the property but as an *in rem* action against the property." *State v. Seven Thousand Dollars,* 136 *N.J.* 223, 232–33, 642 *A.*2d 967 (1994). Because the theory of forfeiture is " 'based on the misuse of the property rather than resulting from the commission of an offense by its owner or user[,]' ... under forfeiture law the property itself is considered the offender." *Id.* at 233, 642 *A.*2d 967 (quoting *State v. One 1986 Subaru,* 230 *N.J.Super.* 451, 455, 553 *A.*2d 869 (App.Div.1989) *aff'd in part, rev'd in part,* 120 *N.J.* 310, 576 *A.*2d 859 (1990)).

Generally, forfeiture statutes are disfavored in the law. *State v. 1979 Pontiac Trans Am,* 98 *N.J.* 474, 481, 487 *A.*2d 722 (1985); *State v. One (1) Ford Van Econoline,* 154 *N.J.Super.* 326, 331, 381 *A.*2d 387 (App.Div.1977), *certif. denied,* 77 *N.J.* 474, 391 *A.*2d 489 (1978); *State v. One (1) 1979 Chevrolet Camaro Z–28,* 202 *N.J.Super.* 222, 229, 494 *A.*2d 816 (App.Div.1985). "We have required that courts strictly construe forfeiture statutes against the State and 'in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation.' " *Seven Thousand Dollars, supra,* 136 *N.J.* at 238, 642 *A.*2d 967 (citations omitted).

In pertinent part, *N.J.S.A.* 2C:64–1, "Property subject to forfeiture," provides:

a. Any interest in the following shall be subject to forfeiture and no property right shall exist in them:

. . .

(2) All property which has been, or is intended to be, utilized in furtherance of an unlawful activity, including, but not limited to, conveyances intended to facilitate the perpetration of illegal acts....

*N.J.S.A.* 2C:64–3 governs "Forfeiture Procedures" and contains the following provision:

a. Whenever any property other than prima facie contraband [2] is subject to forfeiture under this chapter, such forfeiture may be enforced by a *civil action,* instituted within 90 days of the seizure and commenced by the State and against the property sought to be forfeited. (emphasis added).

Other provisions of this statutory section include: "the notice requirements of the Rules of Court for an in rem action shall be followed," *N.J.S.A.* 2C:64–3c; a claimant of the property sought to be forfeited shall file an answer in accordance with the Rules of Court, *N.J.S.A.* 2C:64–3d; and when an answer is filed, the court is directed "to set the matter down for a summary hearing as a soon as practicable," *N.J.S.A.* 2C:64–3f. Under specified circumstances, the summary hearing may be postponed pending disposition of a pending criminal proceeding, *id.,* and the "prosecuting agency" may apply to the Superior Court for permission to use the seized property pending disposition of the forfeiture action, provided "a bond in an amount equal to the market value of the item seized or a written guarantee of payment for property which may be subject to return, replacement or compensation as to reasonable value in the event that the forfeiture is refused...." *N.J.S.A.* 2C:64–3h.

## II

On July 20, 1993, the Essex County Prosecutor's Office, acting on behalf of the State of New Jersey, denominated as plaintiff, brought an *in rem* forfeiture action pursuant to *N.J.S.A.* 2C:64–1 *et seq.* in the Superior Court of New Jersey, Essex County,

---

[2] *See N.J.S.A.* 2C:64–1a.

Special Civil Part, for one 1987 Chevrolet Camaro Z–28 owned by claimant. Plaintiff's complaint alleged that claimant used the car to facilitate the commission of the crime of homicide or in the immediate flight thereafter. An answer to the civil complaint was filed on behalf of claimant pursuant to *N.J.S.A.* 2C:64–3d on August 2, 1993, generally denying the complaint's allegations and seeking dismissal of the complaint. On August 30, 1993, plaintiff filed a motion pursuant to *N.J.S.A.* 2C:64–3h seeking an order allowing the Essex County Prosecutor's Office to use claimant's vehicle pending disposition of the forfeiture action. Plaintiff provided a written guarantee for payment in the amount of $6,250 should forfeiture be refused. Plaintiff's motion was granted.

On December 6, 1993, an order was entered pursuant to *N.J.S.A.* 2C:64–3f staying all forfeiture proceedings until the completion of claimant's criminal trial.

After a jury trial, claimant was convicted of first-degree murder and theft on June 16, 1994,[3] and was sentenced on June 30, 1994, to a custodial term of life with a thirty-year period of parole ineligibility for the murder, and a concurrent six-month custodial term for the theft.

On May 1, 1996, claimant filed and was granted a motion to vacate a default judgment of forfeiture entered August 18, 1995, because he had not been properly notified of the forfeiture hearing conducted July 27, 1995.

On July 8, 1996, after the default judgment was vacated, claimant served interrogatories upon plaintiff and demanded answers thereto within thirty days pursuant to *Rule* 6:4–3. When no answers were provided, claimant filed a motion on September 3, 1996, to dismiss plaintiff's complaint without prejudice pursuant to *Rule* 6:4–3(b). That motion was unopposed. On October 25, 1996, the Honorable Edith K. Payne entered an order dismissing plaintiff's complaint without prejudice for plaintiff's failure to serve

---

[3] This court affirmed claimant's convictions. *State v. Schaefer*, A–605–94T4 (App.Div. Dec. 31, 1996).

answers to interrogatories.[4]  That order was served on Kevin McArdle, Director of Essex County's Forfeiture Unit.[5]

Because the order of dismissal was without prejudice, claimant looked to *Rule* 4:23–5(a)(2) as the appropriate procedure for securing an order dismissing plaintiff's complaint with prejudice. Thus, when no interrogatory answers were provided by plaintiff during the 90–day period allotted by court rule, claimant filed a motion on January 27, 1997, to dismiss the complaint with prejudice under *Rule* 4:23–5(a)(2).[6]  Plaintiff cross-moved for reinstate-

---

[4] Claimant contends that he sent a follow-up letter on November 20, 1996, requesting that plaintiff either answer the interrogatories and move to reinstate the complaint or remit payment pursuant to plaintiff's written guarantee.  The letter further stated:

> Please be advised that if answers to the interrogatories are not provided and the complaint is not reinstated within the 90 day period allowed by the Rule, I will move immediately thereafter to have the complaint dismissed with prejudice.  At this time I will also expect payment of the bond.

[5] McArdle admits receiving a copy of the order dismissing plaintiff's complaint, but denies receiving claimant's November 20, 1996, letter.

[6] *Rule* 4:23–5(a)(2) provides, in part:

> If an order of dismissal or suppression without prejudice has been entered and not thereafter vacated, the party entitled to the answers or the court on its own motion may, after the expiration of 90 days from the date of the order, move, on notice, for an order of dismissal or suppression with prejudice.  The motion shall be granted unless exceptional circumstances are demonstrated.

We note additionally that unlike *Rule* 4:23–5(a)(2), which governs dismissals with prejudice, *Rule* 4:23–5(a)(1) allows the delinquent party to move for vacation of the dismissal without prejudice order, provided the motion is supported by affidavit stating that fully responsive answers have been served.

Similarly, *Rule* 6:4–3(b), governing the dismissal of actions in the Special Civil Part for failure to provide timely answers to interrogatories, provides:

> If timely answers to interrogatories are not served and no formal motion for an extension has been made pursuant to R. 4:17–4(b), the complaint . . .

of the delinquent party may be dismissed or stricken by the court upon motion accompanied by a certification stating such failure and a form of order of dismissal or suppression.  Thereafter, on formal motion made by the delinquent party within 30 days after service of the order, the court may vacate the order provided fully responsive answers to the propounded interrogatories are presented and the delinquent party pays costs in the

ment of the complaint on February 13, 1997. In support of its application, plaintiff offered the certification of McArdle, who pleaded ignorance of the rules of civil procedure and the irrelevance of claimant's discovery requests in light of discovery previously provided him at and after his criminal trial. Importantly, McArdle attached to his certification answers to claimant's interrogatories.

*Rule* 4:23–5(a)(2) does not address the subject of "whether the service of responsive answers to interrogatories before the return date of a motion to dismiss with prejudice ... would be sufficient of itself to defeat the motion." *Klajman v. Fair Lawn Estates,* 292 *N.J.Super.* 54, 61 n. 3, 678 *A.*2d 289 (App.Div.), *certif. denied,* 146 *N.J.* 569, 683 *A.*2d 1164 (1996). As respects civil actions other than *in rem* forfeiture actions, we continue to adhere to the principles enunciated in *Rodriguez v. Luciano,* 277 *N.J.Super.* 109, 112, 649 *A.*2d 87 (App.Div.1994) (quoting *Suarez v. Sumitomo Chemical Co.,* 256 *N.J.Super.* 683, 688–89, 607 *A.*2d 1057 (Law Div.1991)), that the eventual, untimely service of answers by the delinquent party does not in itself constitute "exceptional circumstances" within the meaning of *Rule* 4:23–5(a)(2).

Additionally, we find plaintiff's argument that the Essex County Prosecutor's Office is unfamiliar with the Rules Governing the Courts of New Jersey, and more particularly the Rules Governing Civil Practice, Parts IV and VI, *see* Pressler, *Current N.J. Court Rules,* as incomprehensible, unfathomable and unacceptable.

After several procedural delays, on April 4, 1997, claimant's motion was considered and granted, dismissing plaintiff's complaint with prejudice, ordering plaintiff to disburse to claimant $6,250, the amount as stated in plaintiff's written guarantee of payment, and denying plaintiff's cross-motion to reinstate its complaint.

---

amount of $25.00 to the Clerk of the Special Civil Part. An order of dismissal or suppression shall be entered only in favor of the moving party.

In reaching her decision, the trial judge particularly noted that dismissal with prejudice was the ultimate sanction for violation of court rule or order, and that it is normally only imposed "when no lesser sanction will erase the prejudice suffered by the nondelinquent party." However, she distinguished this case from cases where dismissal with prejudice was not ordered to preserve a "blameless plaintiff's claim," and particularly noted, citing *State v. Williams*, 286 *N.J.Super.* 507, 669 *A.*2d 867 (Law Div.1995), that "the objects to be achieved in a forfeiture action stand in contrast to the compensatory goals of other civil litigation." She concluded:

> In the present case it is clear that the "exceptional circumstances" that the Rule requires have not been demonstrated. At most, Mr. McArdle has revealed negligent handling of the matter by himself and a rather callous disregard of the discovery rights of Mr. Schaefer as claimant. Under the circumstances presented, I have determined that relaxation of the literal wording of R. 4:23–5(a)(2) cannot be justified, and as a result, I will grant Mr. Schaefer's motion.

In reaching that conclusion, the judge dismissed as non-determinative the fact that, despite its substantial violation of either *Rule* 4:23–5(a)(2) or *Rule* 6:4–3(b), plaintiff had provided claimant with answers to its interrogatories, albeit in an untimely fashion. Although the motion judge may have concluded that her decision was justified based on this court's discussion in *Rodriguez v. Luciano, supra,* we conclude the judge did not properly consider the issue presented.

### III

Plaintiff argues on appeal that: (1) the discovery rules in question do not apply to forfeiture actions; (2) even if the discovery rules in question do apply, the "exceptional circumstances" exception under *Rule* 4:23–5(a)(2) required vacating the order dismissing the forfeiture claim without prejudice; and (3) the order should be vacated pursuant to the "catch-all" provision of *Rule* 4:50–1(f) or the "just determination" provision of *Rule* 1:1–2.

Plaintiff specifically contends that because claimant was already provided extensive discovery during his criminal trial for homicide

and a complete record of that trial after his conviction, *see R.* 3:13–3, there was no need for any further discovery, especially considering the fact that in this State only two out of about 5,500 claimants have requested interrogatories over the past six years. While we find that plaintiff's above contentions have no merit, we agree with plaintiff's claim that the trial judge abused her discretion in dismissing the forfeiture claim by levying the "ultimate sanction" against plaintiff when claimant failed to articulate any prejudice attributable to plaintiff's failure to provide timely answers to claimant's interrogatories.

This Court has previously stated that in a civil action for the return of seized items "discovery is a right." *State v. Rodriquez,* 130 *N.J.Super.* 57, 61, 324 *A.*2d 911 (App.Div.) (citing *State v. Sherry,* 86 *N.J.Super.* 296, 307, 206 *A.*2d 773 (App.Div.1965) (Sullivan, J., dissenting), *rev'd,* 46 *N.J.* 172, 215 *A.*2d 536 (1965)), *certif. denied,* 66 *N.J.* 325, 331 *A.*2d 24 (1974). Moreover, our Supreme Court has applied civil discovery rules to a forfeiture action previously in *State v. One 1986 Subaru, supra,* 120 *N.J.* 310, 576 *A.*2d 859. The Court in *One 1986 Subaru* reviewed an Appellate Division decision which held that the trial court's dismissal of a forfeiture action was proper because the plaintiff had failed to issue a summons within ten days, contrary to *Rule* 4:4–1. *Id.* at 314, 576 *A.*2d 859. As an initial matter, the Court determined "that 'the notice requirements of the Rules of Court for an in rem action shall be followed' in civil-forfeiture actions brought pursuant to *N.J.S.A.* 2C:64–3a." *Ibid.* (quoting *N.J.S.A.* 2C:64–3c). Clearly, civil discovery rules apply here.

The trial judge dismissed plaintiff's forfeiture claim under *Rule* 4:23–5(a)(2) because plaintiff could not establish "exceptional circumstances" for not complying with claimant's discovery requests. Dismissal is an appropriate available remedy under both *Rule* 4:23–5(a)(2) and *Rule* 6:4–3.

We note that "exceptional circumstances" are normally confined to situations involving "poor health or emergency" or the like. *E.g., Rodriguez v. Luciano, supra,* 277 *N.J.Super.* at 112,

649 *A.*2d 87. Generally, inaction or attorney negligence will not constitute "exceptional circumstances" under *Rule* 4:23–5(a)(2). *Ibid.* The excuses offered by plaintiff are akin to attorney inaction or attorney negligence, and thus do not constitute "exceptional circumstances" as envisioned by *Rule* 4:23–5(a)(2).

A motion for vacating a dismissal based on *Rules* 4:50–1(f) and 1:1–2 should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed unless it results from a clear abuse of discretion. *See, e.g., Hodgson v. Applegate,* 31 *N.J.* 29, 37, 155 *A.*2d 97 (1959); *Housing Authority of the Town of Morristown v. Little,* 135 *N.J.* 274, 283–84, 639 *A.*2d 286 (1994).

In determining whether a procedural omission warrants the ultimate sanction of dismissal with prejudice, interests in compliance with procedural rules and overall judicial efficiency must be considered together with interests of justice and essential fairness. *See Jansson v. Fairleigh Dickinson Univ.,* 198 *N.J.Super.* 190, 194–95, 486 *A.*2d 920 (App.Div.1985).

Whether based upon the specific provisions of *R.* 4:50–1(f), which permit the court to relieve a party from the operation of an order, or the general relaxation principle set forth in *R.* 1:1–2, it has been said that "justice is the polestar and our procedures must ever be moulded and applied with that in mind."

[*Id.* at 194–95, 486 *A.*2d 920 (citations omitted).]

Generally, several important factors should be considered in determining whether the rules ought to be relaxed under either *Rule* 1:1–2 or *Rule* 4:50–1(f). "These include (1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." *Ibid.*

Applying these criteria here, the record reveals that plaintiff ignored discovery requests for approximately seven months leading up to the judge's dismissal with prejudice. Plaintiff never requested an extension for time to provide the discovery or attempted to quash claimant's requests. Plaintiff did not provide or attempt to quash the requested discovery upon being served

with interrogatories, the motion to dismiss without prejudice, the dismissal without prejudice, or within the 90–day period set forth in *Rule* 4:23–5(a)(2). The only reasons plaintiff has given for not complying are that discovery beyond what was already provided claimant at his criminal trial was fruitless and that plaintiff was unaware of the procedural rules.

Despite these factors, when plaintiff sought to reinstate its complaint, it did provide claimant with answers to his interrogatories, and claimant offered no evidence in support of his motion to dismiss with prejudice that he was in fact prejudiced by the untimely submission.

Where a claimant previously has been provided complete discovery prior to a criminal trial and an entire transcript of that trial, and has been served with untimely answers to interrogatories, dismissal with prejudice is only proper if the claimant demonstrates that the information sought by interrogatories was not already provided either in prior criminal discovery or during the completed criminal trial, and that the untimely submission of answers to the interrogatories resulted in prejudice to claimant.

Under the unusual facts of this case, therefore, it was incumbent upon claimant to articulate prejudice, and it was incumbent upon the judge to evaluate prejudice to claimant as a predicate to dismissing plaintiff's complaint with prejudice. On remand, if claimant cannot establish actual prejudice, the judge should relax the rules to reinstate the complaint. Of course, a showing of actual prejudice will warrant dismissing plaintiff's complaint.

## IV

On claimant's cross-appeal, he contends that the motion judge erred when she denied claimant's motion to dismiss the complaint on collateral estoppel and double jeopardy grounds. New Jersey's forfeiture statute does not violate the Federal and State Constitutional protections against double jeopardy. *See*

United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); State v. $3,000.00 in United States Currency, 292 N.J.Super. 205, 209, 678 A.2d 741 (App.Div.1996).

Forfeiture of claimant's vehicle may, however, violate the Eighth Amendment's prohibition of excessive fines. See Austin v. United States, 509 U.S. 602, 621–22, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488, 506 (1993); $3,000.00 in United States Currency, supra, 292 N.J.Super. at 213, 678 A.2d 741.

It is unclear from the record on appeal[7] whether the motion judge simply relied upon Ursery or whether the judge was also persuaded by our decision in $3,000.00 in United States Currency, supra. Nor is it clear whether the judge considered the implications of the Eight Amendment's prohibition of excessive fines.

In the absence of an adequate record, we are required to remand to the motion judge for reconsideration of this issue, prior to any trial which may be scheduled on plaintiff's reinstated complaint.

The order dismissing plaintiff's complaint is reversed and remanded for reconsideration. The order of October 11, 1996, which is the subject of claimant's cross-appeal, is also reversed and remanded for reconsideration. We do not retain jurisdiction. No costs.

---

[7] The record on appeal contains a copy of an order dated October 11, 1996, which clearly reflects that the State and claimant, appearing pro se, appeared in court on the State's motion for summary judgment and claimant's cross-motion for summary judgment. The order contains a handwritten notation of the judge granting the State summary judgment "on issues of double jeopardy and collateral estoppel," citing United States v. Ursery, supra. The judge's notation further indicates: "Summary judgment is denied on right to forfeiture, there appearing to be material issues of fact as to whether the requirements of N.J.S.A. 2C:64–1a(2) have been met."

The record on appeal does not contain a transcript of the proceedings On October 11, 1996. Nor does the record contain findings of facts as required by Rule 1:7–4.