794 A.2d 843 (2002)
350 N.J. Super. 187
The TRUST COMPANY OF NEW JERSEY, Plaintiff-Appellant,
v.
Ronald SLIWINSKI and Marta Sliwinski, Defendant/Third Party Plaintiffs-Respondents, and
Stadium Ford, LLC, Third Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 2001.
Decided April 12, 2002.
*844 Steven P. McCabe East Hanover, argued the cause for appellant (Pressler & Pressler, attorneys; Steven P. McCabe, on the brief).
James P. Krupka, Belleville, argued the cause for respondents (Gaccione, Pomaco & Beck, attorneys; James P. Krupka, on the brief).
Before Judges A.A. RODRÍGUEZ, LEFELT and LISA.
*845 The opinion of the court was delivered by RODRIGUEZ, A. A., J.A.D.
The two questions presented in this appeal are entirely procedural: (1) whether the two-step procedure set by R. 4:23-5 for dismissal of complaints or suppression of answers for failure to answer interrogatories, which applies to actions in the Law Division, also applies to actions pending in the Special Civil Part (SCP), and (2) whether a motion to restore may be made in the SCP more than thirty days after the dismissal/suppression order is served on the delinquent party. We hold that the procedure for dismissal or suppression in the SCP is different from the procedure in the Law Division and is governed by R. 6:4-3(b). We also hold that the SCP rules permit a restoration motion more than thirty days after service of the dismissal/suppression order.
The facts are uncontroverted. The Trust Company of New Jersey (Bank) sued Ronald and Marta Sliwinski (defendants) for $5,447 plus costs, in the SCP. The one-count complaint asserted breach of a retail installment sale contract. Defendants answered the complaint and joined Stadium Ford, L.L.C., as a third party defendant. Defendants propounded interrogatories and a notice to produce documents on the Bank. The interrogatories were not answered in a timely fashion. Defendants moved, pursuant to R. 6:4-3(b), to dismiss the complaint without prejudice. The motion was granted. Thereafter, defendants served the order on the Bank.
The Bank did not move to vacate the order of dismissal. Eventually, defendants moved to dismiss the complaint with prejudice. The matter was assigned to a different judge. The Bank opposed the motion asserting that "no such relief [dismissal with prejudice] is available in the SCP." The Bank also alleged that fully responsive, certified answers to interrogatories were being served on defendants simultaneously. The judge heard oral argument and granted defendant's motion. In a written opinion, the judge concluded that the SCP rules permitted a dismissal/suppression with prejudice and that the thirty-day period for setting aside the dismissal of the complaint set by R. 6:4-3(b) "has long [since] passed." Therefore, the judge did not consider the fact that fully responsive answers to interrogatories had been served by the Bank to be dispositive or at least, significant. It is from this order of dismissal with prejudice that the Bank appeals.
Three days after this decision, the Bank moved to restore the complaint. Subsequently, the Bank also moved for reconsideration of the order of dismissal with prejudice. The Bank sought oral argument on this latter motion. The judge denied the request for oral argument and summarily denied both motions.
The Bank appeals contending that: (1) its complaint should not be dismissed with prejudice because the SCP rules do not provide for such a dismissal; (2) if this court determines dismissal with prejudice is available in the SCP, the dismissal was still improper, as fully responsive answers were served before the return date and a motion to reinstate was made within ninety days of service of the court's order of dismissal without prejudice; and (3) under all of the circumstances of the case, the complaint should be reinstated, and the matter remanded to the SCP for trial.
From our review of the language and objectives of the pertinent rules, we conclude that the judge should have considered that the Bank provided to the defendants fully responsive answers to interrogatories. Instead, the judge *846 assumed that it was too late to consider this fact.
This is our analysis. R. 4:23-5(a) applies to actions pending in the Law Division. That rule provides a two-step procedure when a party fails to provide discovery in a timely fashion. The first step is that, upon motion of the aggrieved party, "the court shall enter an order of dismissal or suppression without prejudice." R. 4:23-5(a)(1). The attorney for the delinquent party must serve a copy of this order on his or her client by regular and certified mail, accompanied by a notice to the client. See "Notice to Client Pursuant to R. 4:23-5(a)(1)." Appendix II F to the Rules Governing the Courts of the State of New Jersey. The delinquent party then "may move on notice for vacation of the dismissal or suppression at any time before the entry of an order of dismissal or suppression with prejudice"[1] provided the discovery violation is cured. R. 4:23-5(a). Depending on when such restoration motion is made, the delinquent party may have to pay a sanction to the Clerk of the court of: $100, $300, or $300 plus counsel fees and/or costs. Ibid.
On the other hand, R. 6:4-3(b) governs the failure to answer interrogatories in the SCP. That rule provides for a streamlined, one-step process. The rule provides that upon the motion of the aggrieved party, the court may enter an order of dismissal or suppression. There is no requirement that the delinquent party be served with a copy of the dismissal order or with a notice explaining the consequences of failure to comply with discovery obligations. Pursuant to this rule, a delinquent party may file a formal restoration motion "within 30 days after service of the [dismissal or suppression] order." In such case, "the court may vacate the order, provided fully responsive answers to the propounded interrogatories are presented" and the movant pays $25 costs to the Clerk of the court.
The obvious objective of the rule is that if fully responsive answers to interrogatories are provided, the court should grant such a motion routinely. This is in keeping with our public policy that, whenever possible, litigation should be resolved on the merits rather than on procedural violations. See Aujero v. Cirelli, 110 N.J. 566, 573-74, 542 A.2d 465 (1988) (noting the tension between the competing values of the court securing finality and efficiency in litigation on one hand, and the right of a blameless litigant to have a dispute adjudicated on the merits). See also Jansson v. Fairleigh Dickinson University, 198 N.J.Super. 190, 194, 486 A.2d 920 (App. Div.1985). We have held that:
In determining whether a procedural omission warrants the ultimate sanction of dismissal with prejudice, interests in compliance with procedural rules and overall judicial efficiency must be considered together with interests of justice and essential fairness.
[State v.1987 Chevrolet Camaro, 307 N.J.Super. 34, 45, 704 A.2d 90 (App. Div.1998).]
We do not construe R. 6:4-3(b) as precluding consideration of a restoration motion because it is filed more than thirty days from the service of the dismissal/suppression order. Instead, we hold that by virtue of R. 1:1-2, the thirty-day period may be relaxed. See Aujero, supra, 110 N.J. at 574, 542 A.2d 465. In those instances, the court should consider the restoration motion on the merits but should apply a higher standard of discretion. In Jansson, 198 N.J.Super. at 195, *847 486 A.2d 920, we listed the factors to be considered in deciding whether a time limitation set by rule should be relaxed. These factors are: "(1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." Those are the same factors to be considered by the SCP in deciding a late restoration motion. If the SCP orders restoration following a late application, it may consider, in addition to the $25 fee, sanctions such as counsel fees and costs in order to redress any inconvenience to the aggrieved party. See Aujero, supra, 110 N.J. at 579, 542 A.2d 465.
Here, it is uncontroverted that the Bank failed to answer interrogatories on time. Therefore, its complaint was properly dismissed pursuant to R. 6:4-3(b). However, the Bank provided fully responsive answers and sought to vacate the dismissal, albeit more than thirty days from the date of service of the dismissal order.[2] The judge should have considered that cure of the discovery violation as a significant factor against a dismissal with prejudice. The judge did not do so, assuming that it was too late. Therefore, we remand for a consideration of defendant's motion in light of the standards announced in this opinion.
The Bank also contends that the procedures for dismissal/suppression for failure to answer interrogatories are different in the Law Division and in the SCP. We agree. R. 6:4-6 provides that:
[t]he provisions of R. 4:23 (sanctions for failure to make discovery), insofar as applicable and to the extent not already incorporated or modified pursuant to R. 6:4-3(a), shall apply to actions in the Special Civil Part.
This rule does not mean that the R. 4:23-5 dismissal or suppression procedure applies in the SCP. We construe R. 6:4-6 to mean that R. 4:23 monetary sanctions govern in the SCP insofar as applicable. Otherwise, R. 6:4-3(b), which was adopted after R. 6:4-6, and contemporaneously with the latest amendment to R. 4:23-5, would be obsolete from its promulgation.[3] Moreover, R. 6:4-6 refers to all components of R. 4:23, not just R. 4:23-5, which deals specifically with dismissal or suppression. We note that Rules 4:23-1(c), 4:23-2(b)(4), 4:23-3, 4:23-4, and 4:23-5 provide for monetary sanctions for violations of the discovery process. Only Rules 4:23-5 and 4:23-2(b) deal with dismissal of the action or suppression of the answer.
The Bank also contends that:
Except for certain inapplicable exceptions, oral argument is a procedural right under the rules of court, and it was an abuse of discretion to preclude it when requested on a motion to reconsider a dispositive motion (Not Raised Below).
This contention is not properly before us. The Bank appealed only the order of dismissal with prejudice. No amended notice of appeal was filed to challenge the entry of the order denying reconsideration. Nonetheless, we disagree with the contention. We merely note that R. 1:6-2(d) governs requests for oral argument on motions. The rule provides that if the motion involves pretrial discovery, the request for *848 oral argument is addressed to the discretion of the court. The Bank's motions to vacate the default and for reconsideration are pretrial discovery motions. We perceive no abuse of discretion by the judge in denying oral argument.
Accordingly, the order dismissing the Bank's complaint with prejudice is reversed. The matter is remanded to the SCP for consideration on the motion anew following the standards announced in this opinion.
NOTES
[1] Emphasis added.
[2] The answers were provided forty-seven days after service of the dismissal order.
[3] R. 6:4-6 was adopted in September 1977. R. 6:4-3(b) was adopted in September 1990. Pressler, Current N.J. Court Rules, comment 2 on R. 6:4-3(b)(2001). R. 4:23-5(a) was amended in September 1990 to provide for the present two-step dismissal process. Pressler, Current N.J. Court Rules, comment 3 on R. 4:23-5(a)(2001). See also Aujero v. Cirelli, 110 N.J. 566, 542 A.2d 465 (1988).