256 N.J. Super. 683 (1991)
607 A.2d 1057
VICTORIA SUAREZ, PLAINTIFF,
v.
SUMITOMO CHEMICAL COMPANY, JOHNSON CHEMICAL COMPANY, INC., SAFEGUARD CHEMICAL CORPORATION, AND JOHN DOES, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided October 4, 1991.
*685 Steven M. Greenberg, Esq., for Plaintiff.
Robert J. McGuirl, Esq., for Defendants (Priestley, McGuirl & Wachenfeld, Attorneys).
DONALD S. COBURN, J.S.C.
This civil action has come before me on defendants' motion pursuant to R. 4:23-5(a) to dismiss the complaint with prejudice based on plaintiff's failure to serve answers to interrogatories. In the past, applications of this nature, designed to conclude litigation for violation of rules governing discovery, were routinely denied. Absent the most extraordinary circumstances, trial courts were constrained to employ less severe sanctions. See, e.g., Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. 114, 488 A.2d 1029 (App.Div. 1985).
In Aujero v. Cirelli, 110 N.J. 566, 542 A.2d 465 (1988), the Supreme Court dramatically elevated the importance of rule compliance, at least with respect to interrogatory practice, as the foundation for achieving substantial justice. Pursuant to that decision, and effective September 4, 1990, the Court adopted comprehensive amendments to R. 4:23-5(a) which, because of their potential consequences, are of great moment to the bar. R. 4:23-5(a) now provides as follows:
(a) Dismissal.
(1) Without Prejudice. If timely answers to interrogatories are not served and no motion for an extension has been made pursuant to R. 4:17-4(b), the party entitled to the answers may move, on notice, for an order dismissing or *686 suppressing the pleading of the delinquent party. The motion shall be supported by an affidavit reciting the facts of the delinquent party's default and further stating that the moving party is not in default in answering, pursuant to R. 4:17-4(a), the interrogatories served by the delinquent party. Unless good cause for other relief is shown, the court shall enter an order of dismissal or suppression without prejudice. The delinquent party may move for vacation of the dismissal or suppression order, provided the motion is supported by affidavit stating that fully responsive answers have been served and provided further the delinquent party pays costs in the amount of $100.00 to the Clerk of the Superior Court if the motion is made within 30 days after entry of the order of dismissal without prejudice and $300.00 if the motion is made thereafter. (2) With Prejudice. If an order of dismissal or suppression without prejudice has been entered and not thereafter vacated, the party entitled to the answers or the court on its own motion may, after the expiration of 90 days from the date of the order, move, on notice, for an order of dismissal or suppression with prejudice. The motion shall be granted unless exceptional circumstances are demonstrated. The attorney for the delinquent party shall, not later than 5 days prior to the return date of the motion, file and serve an affidavit stating that the client has been notified of the pendency of the motion or that the attorney is unable, despite diligent inquiry, to determine the client's whereabouts. The notification to the client shall be in the form appearing as Appendix II-F to these rules, and the attorney's appearance on the return date of the motion shall be mandatory.
(3) General Requirements. All motions made pursuant to this rule shall be accompanied by an appropriate form of order, and all affidavits in support of relief shall include a certification of prior consultation with opposing counsel as required by R. 1:6-2(c). An order of dismissal or suppression shall be entered only in favor of the moving party.
The initial motion for dismissal without prejudice under subsection (1) may be successfully opposed by a showing that good cause exists for the granting of alternative relief such as compelling answers to interrogatories within a specified time, probably conditioned on an award of counsel fees pursuant to R. 4:23-1(c). This provides a critically important opportunity for the delinquent party's attorney because it will be far easier to meet the good cause standard than the subsection (2) standard of demonstrating "exceptional circumstances." In Ullmann v. Hartford Fire Ins. Co., 87 N.J. Super. 409, 209 A.2d 651 (App.Div. 1965), the court had this to say regarding application of the concept of good cause:
It is impossible to lay down a universal definition of good cause ... or an all-inclusive and definitive catalogue of all of the circumstances to be considered by a court in determining whether there is good cause. Each case must be decided *687 upon its own facts. However, as is said in 4 Moore's Federal Practice (2d ed.), ¶ 34.08: "considerations of practical convenience should play the leading role in determining what constitutes good cause...." [414-415]
Since "the main objective is to compel the answers" (Pressler, Current N.J. Court Rules, Comment R. 4:23-5, at 917), it is to be expected that the alternative forms of relief will be readily given. That approach would certainly be in accord with considerations of practical convenience since after the initial dismissal without prejudice counsel for the delinquent party can obtain restoration without a showing of good cause by simply answering the interrogatories, filing a motion, and paying the appropriate costs set forth in the rule, provided such actions are taken within the 90 day period. In order to encourage response to the initial motion, it seems obvious that on a motion to restore brought within the 90 day period after a dismissal or suppression without prejudice is granted, counsel fees should be awarded as a matter of course to the non-delinquent party under R. 4:23-1(c) unless extraordinary circumstances are present.
Although the present motion deals with subsection (2) of the rule, it is worth emphasizing, in passing, two requirements of subsection (1); namely, that the supporting affidavit must state, inter alia, both that the moving party is not in default in answering the other side's interrogatories and that counsel have conferred pursuant to R. 1:6-2(c). Particularly because of the severity of subsection (2), courts should require strict adherence to subsection (1) which lays the groundwork for the "with prejudice" application.
Subsection (2) of R. 4:23-5(a) is complex and deserving of explication, particularly because some consequences of the rule are only implicit. For example, notwithstanding the provisions of R. 1:6-2(d) and (e) governing oral argument on civil motions, there can be no waiver of appearance on the "with prejudice" motion. The moving party must appear because subsection (2) requires that the attorney for the delinquent *688 party appear and permits the party to make a presentation as well. The court could not properly consider such matters ex parte. (The right of the client to appear, though not set forth in the rule, is contained in the mandated notification, Pressler, Current N.J. Court Rules, Appendix II-F, at 1474.
To obtain the primary and secondary goals of this rule, it is absolutely essential that the courts require counsel for the delinquent party to adhere to the notice and appearance provisions, even though the rule does not expressly so provide. This is evident from the mandatory nature of the rule's provisions and this Comment to the rule provided by the Committee on Civil Practice:
"The Committee is of the view that the main objective is to compel the answers rather than to dismiss the case, and believes that this two-tier, 90-day practice will have a salutary effect because of a key stipulation of the proposal, namely, that an attorney who is served with a notice of motion to dismiss with prejudice must send a letter to the client so advising.... The Committee is of the view that responsible practitioners will seek to avoid the necessity of having to send such a letter by seeing to it that answers are forthcoming within the 90-day period. Another advantage of this practice is that it protects the attorney who is unable to locate a client and has no other recourse but to allow to terminate litigation in which the client itself may have lost interest. Thus, the alternative to sending the letter to the client and so certifying to the court is a certification by the lawyer that he or she cannot locate the client after diligent inquiry." Pressler, Current N.J. Court Rules, Comment R. 4:23-5 at 917.
Thus, if on the return date of the "with prejudice" motion counsel fails to appear, or does so, but has failed to properly notice the client, the court must adjourn the motion to a date when a proper hearing may occur. (Obviously in such circumstance an award of counsel fees to the moving party should usually be granted under R. 4:23-1(c).)
The filing of the "with prejudice" motion dramatically shifts power from the delinquent party to the moving party. Before that event, restoration only requires the service of fully responsive answers to interrogatories, an essentially pro forma motion, payment of $100 or $300 depending on the passage of time, and, payment of counsel fees as the court may order. After the motion is filed, there can be no restoration unless the *689 delinquent party can demonstrate an entitlement to relief based on "exceptional circumstances." To meet that standard there would have to be proved the existence of external factors (such as poor health or emergency) which substantially interfered with the party's ability to meet the discovery obligations. A mere showing of ordinary "good cause" would not be sufficient. Thus, it would be most unwise, to say the least, for counsel to fail to act within the 90 day period on the expectation that a successful response could be made to the "with prejudice" motion.
In the case before me, the notice of motion seeking dismissal of the complaint with prejudice was served and filed before the 90 day period had fully elapsed. The moving parties contend that a plain reading of the rule only requires that the motion be returnable after the 90 day period, as occurred here, since that is the time when counsel actually moves the motion. But "[r]ules like statutes are intended to be read sensibly rather than literally." Douglas v. Harris, 35 N.J. 270, 278, 173 A.2d 1 (1961). As noted above, once the motion is filed the delinquent party's legal position is severely harmed. Therefore, it is essential that no action be taken by the non-delinquent party until the full 90 days have run from the date of the initial order of dismissal or suppression.
The moving papers also failed to certify prior consultation with counsel as required generally by R. 1:6-2(c) and as expressly reaffirmed in R. 4:23-5(a)(3). Furthermore counsel's papers improperly waived oral argument. Defense counsel contends that the court should consider these insufficiencies as cured because when counsel for the delinquent party failed to respond in writing to the matter, the court ordered both counsel into court on the original return date, and at that time directed the opponent to comply with the rule, and adjourned the motion for two weeks. Although such an approach would be common with respect to most motions, it is not acceptable on a "with prejudice" motion under this rule. The reason is that the mere *690 filing of the motion severely harms the delinquent party's rights by introduction of the "exceptional circumstances" standard.
It should be noted that on the adjourned date, after having given notice to his client, counsel for the delinquent party advised this court that much to his surprise, based on earlier statements, his client now wished to pursue the action. Indeed he presented a letter from the client, which was in response to the notice, to that effect. The client, however, did not appear in court, and there was no showing of exceptional circumstances, though it was indicated during argument that the client was old, unsophisticated, and had recently been hospitalized.
It is not appropriate for this court to speculate on the question whether the delinquent party would or would not have moved for relief prior to the filing of the "with prejudice" notice of motion had there been full compliance with R. 4:23-5(a)(2) by the moving party. Therefore, the motion to dismiss the complaint with prejudice is denied and plaintiff is ordered to provide fully responsive answers to the interrogatories within 45 days of today. Within the same time period plaintiff shall file the notice of motion to restore, accompanied by a check in the amount of $300. Counsel fees for the non-delinquent party are not appropriate since the motion to dismiss "with prejudice" was filed prematurely.