277 N.J. Super. 109 (1994)
649 A.2d 87
IRIS RODRIGUEZ, INDIVIDUALLY, AND IRIS RODRIGUEZ, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF DECEASED INFANT MIGUEL VALENTIN, PLAINTIFF-APPELLANT,
v.
LILIANN LUCIANO, DEFENDANT-RESPONDENT,
v.
J.W. PIERSON COMPANY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1994.
Decided November 10, 1994.
*110 Before Judges SKILLMAN, WALLACE and KLEINER.
*111 Larry Bronson, attorney for appellant (Gina DeLuca Martone, of counsel and on the brief).
Soriano, Henkel, Biehl, Matthews & Marinello, attorneys for respondent (Thomas W. Matthews, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff appeals from an order entered on September 10, 1993, dismissing her complaint with prejudice, and an order entered on October 8, 1993, denying her motion for reconsideration.
Plaintiff filed this wrongful death action on January 31, 1990. Defendant propounded interrogatories upon plaintiff on or about March 27, 1992. After seven months elapsed without plaintiff responding, defendant's attorney wrote a letter to plaintiff's attorney indicating that the time to respond had expired. Several weeks later, defendant's attorney made a telephone call to plaintiff's attorney to remind him again of this delinquency. However, plaintiff still did not complete the interrogatories or otherwise respond. Consequently, defendant made a motion to dismiss plaintiff's complaint without prejudice pursuant to Rule 4:23-5(a)(1). Plaintiff did not respond to this motion and the court dismissed her complaint without prejudice on January 8, 1993.
The entry of this order triggered the running of the ninety day period provided by Rule 4:23-5 for moving to vacate the dismissal without prejudice upon providing fully responsive answers and paying the sanction provided thereunder. However, plaintiff failed to file such a motion, and after the expiration of ninety days, defendant filed a motion, returnable on May 28, 1993, for the entry of an order dismissing plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2). After plaintiff filed a response which among other things noted certain procedural deficiencies in defendant's motion, defendant withdrew the motion but subsequently refiled it on August 2, 1993. Plaintiff filed a response the day before the return of the motion on September 10, 1993, which *112 indicated that responses to interrogatories had just been provided and that the long delay in their preparation was due to "our difficulty in locating the client as well as with the transitory staff problems burdening this office."
The trial court concluded in an oral opinion delivered on September 10, 1993, that plaintiff had failed to show the "exceptional circumstances" required under Rule 4:23-5(a)(2) to defeat a motion to dismiss "with prejudice" filed more than ninety days after entry of a dismissal "without prejudice" for failure to answer interrogatories. Plaintiff filed a motion for reconsideration, which the court denied for the reasons expressed in an oral opinion delivered on October 8, 1993.
We affirm substantially for the reasons expressed in Judge Newman's oral opinions of September 10, 1993 and October 8, 1993. We add the following additional comments. In Suarez v. Sumitomo Chemical Co., 256 N.J. Super. 683, 688-89, 607 A.2d 1057 (Law Div. 1991), Judge Coburn discussed the effect of expiration of the ninety day period for moving to vacate a dismissal without prejudice for failure to answer interrogatories:
The filing of the "with prejudice" motion dramatically shifts power from the delinquent party to the moving party. Before that event, restoration only requires the service of fully responsive answers to interrogatories, an essentially pro forma motion, payment of $100 or $300 depending on the passage of time, and, payment of counsel fees as the court may order. After the motion is filed, there can be no restoration unless the delinquent party can demonstrate an entitlement to relief based on "exceptional circumstances." To meet that standard there would have to be proved the existence of external factors (such as poor health or emergency) which substantially interfered with the party's ability to meet the discovery obligations. A mere showing of ordinary "good cause" would not be sufficient. Thus, it would be most unwise, to say the least, for counsel to fail to act within the 90 day period on the expectation that a successful response could be made to the "with prejudice" motion.
We fully subscribe to this interpretation of the "exceptional circumstances" requirement of Rule 4:23-5(a)(2). We also agree with the trial court's conclusion that neither plaintiff's failure to communicate with her attorney for more than a year nor the administrative problems in her attorney's office described in the *113 attorney's answering certifications constitute such exceptional circumstances.
Plaintiff's assertion that defendant's attorney failed to confer with her attorney prior to filing the motion to dismiss with prejudice is directly contradicted by the certification of defendant's attorney, which plaintiff has not disputed by certification. In any event, such a failure would not have been a basis for denying plaintiff's motion under the circumstances of this case. Cf. Feinsod v. Noon, 272 N.J. Super. 248, 253, 639 A.2d 750 (App.Div.), certif. denied, 137 N.J. 314, 645 A.2d 142 (1994).[1]
Affirmed.
NOTES
[1] We note that effective September 1994, the requirement that a defendant confer with plaintiff before filing a motion to dismiss with prejudice pursuant to Rule 4:23-5(a)(2) has been eliminated "as needlessly burdensome and unproductive." Pressler, Current N.J. Court Rules, comment 3 on R. 4:23-5 at 1045 (1995); see R. 4:23-5(a)(3).