292 N.J. Super. 54 (1996)
678 A.2d 289
IDA KLAJMAN, PLAINTIFF-APPELLANT,
v.
FAIR LAWN ESTATES, JOHN DOE A FICTITIOUS NAME FOR ONE OR MORE NATURAL PERSONS, AND ABC COMPANY A FICTITIOUS NAME FOR ONE OR MORE COMPANIES AND/OR CORPORATIONS, DEFENDANTS-RESPONDENTS. FAIR LAWN ESTATES, DEFENDANT/THIRD-PARTY PLAINTIFF,
v.
AFFILIATED DEVELOPMENT, INC., THIRD-PARTY DEFENDANT/RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1996.
Decided June 28, 1996.
*57 Before Judges PRESSLER, KEEFE and WEFING.[1]
John C. Ciabattari argued the cause for appellant (Jay Lowenstein, attorney; Mr. Ciabattari, on the brief).
Eli L. Eytan argued the cause for respondent Fair Lawn Park Estates (Mauro C. Casci, attorney; Mr. Eytan, on the brief).
Shannon A. Garvey argued the cause for respondent Affiliated Management Company, Inc. (Edward P. Papalia, Jr., attorney; Edward P. Papalia, Jr., on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Plaintiff, Ida Klajman, appeals from a judgment denying her motion to reinstate her complaint. We hold that the dismissal of plaintiff's complaint with prejudice, ostensibly under the authority of R. 4:23-5(a)(2), was so procedurally deficient and fundamentally unfair that exceptional circumstances have been shown warranting reinstatement of the complaint. R. 4:50-1(f). Thus, the judgment under review is reversed.
Plaintiff, an eighty-seven year old widow who is disabled and in poor health, instituted suit against defendant Fair Lawn Park Estates (Fair Lawn) in July 1992 through an attorney other than *58 the attorney now representing her. The complaint alleged that Fair Lawn was a residential apartment complex and that plaintiff was a tenant there. It also alleged that Fair Lawn was negligent in the inspection, maintenance, operation, construction, and/or repair of the premises, and, as a consequence plaintiff was caused to slip and fall on the premises on July 9, 1991.
Fair Lawn served interrogatories and a demand for documents on plaintiff on October 2, 1992. Although a copy of the interrogatories was not included in the appendix, plaintiff claims that they consisted of ninety-three questions in this apparently simple negligence action.[2] When the requested discovery was not forthcoming, Fair Lawn moved to dismiss the complaint without prejudice. R. 4:23-5(a)(1). The motion was unopposed and an order was entered accordingly on July 9, 1993. Notwithstanding the dismissal, an order was entered on July 14, 1993, granting plaintiff permission to join third party defendant Affiliated Development, Inc. (Affiliated), as a direct defendant. It is not clear whether Affiliated was served or answered the amended complaint.
On October 29, 1993, Fair Lawn moved to dismiss the complaint with prejudice on the ground that responsive answers had not been provided within 90 days of the July 9 order of dismissal. R. 4:23-5(a)(2). Plaintiff cross-moved to restore her complaint on the ground that her counsel had provided responsive answers to interrogatories "together with all medical reports, records and bills[.]" Fair Lawn did not respond to plaintiff's motion.
On November 19, 1993, the motion judge entered a judgment of dismissal with prejudice without conducting a hearing, or requiring plaintiff's counsel's appearance, or ascertaining whether plaintiff had been notified of Fair Lawn's motion. The order states that the motion was unopposed, notwithstanding plaintiff's cross-motion. On the same day, the same judge denied plaintiff's *59 motion to restore her complaint. No explanation for either decision was placed on the record. R. 1:6-2(f).
On November 21, 1994, plaintiff's current counsel filed the present motion for relief from judgment pursuant to R. 4:50-1. Counsel's certification stated that plaintiff and her former attorney had experienced problems of "miscommunications" and, as a result, plaintiff engaged new counsel. Fair Lawn opposed the motion. The motion was denied by order of January 9, 1995. There is no indication in the order that the judge stated his reasons on the record for denying same. R. 1:6-2(f). This appeal followed.
A motion for relief from a judgment made pursuant to R. 4:50-1(a) due to "excusable neglect" must be "made ... not more than one year after the judgment ... was entered[.]" R. 4:50-2. In contrast, a motion made after that date must be decided under R. 4:50-1(f), in which case relief may be granted from the judgment only if there are "exceptional circumstances" shown. Baumann v. Marinaro, 95 N.J. 380, 395, 471 A.2d 395 (1984). The word "made" in R. 4:50-2 must be construed in the context of R. 1:6-3 which provides that "service of motion papers is complete only on receipt at the office of adverse counsel[.]" In this case, November 19, 1994, fell on a Saturday. Therefore, plaintiff had until November 21, 1994, to perfect her motion. R. 1:3-1. While she filed the motion with the court on that day, she did not serve the motion on her adversary until December 5, 1994. Therefore, plaintiff was required to prove "exceptional circumstances." We find they exist in this case for the reasons that follow.
In Zimmerman v. United Services Auto., 260 N.J. Super. 368, 616 A.2d 957 (App.Div. 1992), we made it clear that "client notification ... is at the heart of the dismissal with prejudice practice[.]" Id. at 375, 616 A.2d 957. We further pointed out that the rule "mandated" that the attorney for the party moved against appear in court and that oral argument could not be waived. Id. at 376, 616 A.2d 957. We endorse the reasoning of Judge Coburn *60 in Suarez v. Sumitomo Chemical Co., 256 N.J. Super. 683, 688, 607 A.2d 1057 (Law Div. 1991):
To obtain the primary and secondary goals of this rule, it is absolutely essential that the courts require counsel for the delinquent party to adhere to the notice and appearance provisions, even though the rule does not expressly so provide.... Thus, if on the return date of the "with prejudice" motion counsel fails to appear, or does so, but has failed to properly notice the client, the court must adjourn the motion to a date when a proper hearing may occur.
Thus, "meticulous attention" to the rule's "critical prescriptions" is required, "particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." Zimmerman, supra, 260 N.J. Super. at 376, 616 A.2d 957.
Feinsod v. Noon, 272 N.J. Super. 248, 639 A.2d 750 (App.Div.), certif. denied, 137 N.J. 314, 645 A.2d 142 (1994), is not at odds with our holding in Zimmerman. In that case, the plaintiff was not notified by her attorney that a motion to dismiss with prejudice was being made. Thus, the rule was violated. However, the information supplied by plaintiff in support of her motion for relief from the judgment, satisfied the court that, if she had been notified on the earlier motion as required and had given the same information in response to that motion, there would have been no difference in the outcome of the dismissal motion. We cannot conclude here that the error in failing to notify plaintiff was equally harmless. Moreover, the failure to require plaintiff's counsel to appear and make a record compounded the harm.
In this case, the motion judge who entered the November 1993 with prejudice dismissal erred in failing to require compliance with the essential underpinnings of the rule. There was no oral argument, and, more importantly, the plaintiff was not notified and given an opportunity to be heard. A judge cannot determine whether exceptional circumstances exist which would preclude a dismissal with prejudice without such a hearing. This is especially so in these circumstances where, apparently, responsive answers to interrogatories were furnished in connection with *61 plaintiff's cross-motion.[3] While the mere provision of answers to interrogatories may not satisfy the requirement of exceptional circumstances in every case, Rodriguez v. Luciano, 277 N.J. Super. 109, 112, 649 A.2d 87 (App.Div. 1994), plaintiff's age and disabilities could afford the necessary justification for denying the motion for dismissal with prejudice. See Suarez, supra, 256 N.J. Super. at 690, 607 A.2d 1057 quoted with approval in Rodriguez, supra, 277 N.J. Super. at 112, 649 A.2d 87.
The point is that a motion for dismissal with prejudice requires the trial court to make an informed decision based upon a full record, and express its reasons for that decision before the case is dismissed. R. 1:6-2(f). Fairness to the affected litigant requires no less. As this court pointed out recently, "there is some breadth of discretion encompassed within the `exceptional circumstances' language of the rule." Martin Glennon v. First Fidelity, 279 N.J. Super. 48, 54, 652 A.2d 199 (App.Div. 1995). Where no reasons are given by the trial court in respect of an order of dismissal with prejudice under the rule, we are unable as a reviewing court to determine whether the court's discretion was properly exercised. The failure of a judge to perform this essential duty "constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-570, 417 A.2d 15 (1980).
We see no purpose in a remand. There is nothing in the record to suggest that plaintiff's answers to Fair Lawn's copious interrogatories, though late, were not complete. Moreover, there is nothing to contradict current counsel's certification that plaintiff's *62 age and infirmities made it difficult for her former counsel to schedule the necessary appointments with her and otherwise effectively communicate with her on matters pertaining to the litigation. We do not excuse plaintiff's prior counsel's lack of diligence. However, under the circumstances of this case we can find no personal fault with this elderly and infirm plaintiff justifying a dismissal of her case. In the interest of judicial economy, we elect to bring this procedural nightmare to a close to the end that there can be an adjudication on the merits of plaintiff's claim before much more time passes. See Castriota v. Castriota, 268 N.J. Super. 417, 633 A.2d 1024 (App.Div. 1993).
Accordingly, the judgments of January 9, 1995, and November 19, 1993, are reversed. Plaintiff's complaint is reinstated. The dismissal given by Fair Lawn to Affiliated in reliance on the November 19, 1993, order is also vacated. The matter is remanded for further proceedings.
NOTES
[1] Judge Wefing did not participate in oral argument, but joins the court in this opinion with the consent of the parties.
[2] We acknowledge that the interrogatories were served before the effective date of R. 4:17-1(b)(i).
[3] We have not been asked to decide whether the service of responsive answers to interrogatories before the return date of a motion to dismiss with prejudice, which motion is made beyond the 90 day period, set forth in the rule, would be sufficient of itself to defeat the motion. R. 4:23-5 does not address the subject. We raise the issue in the event the Committee on Civil Practice wishes to consider whether prompt adherence to the 90 day requirement would be fostered by permitting the court to deny a motion for dismissal based on late but fully responsive answers to interrogatories where the dismissal motion is not promptly made.