**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0373-20

DEANNA CARLIN and
ERICK RUBEL,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

JONATHAN FEUER and
LOUIS ANTOUN,
individuals,[1]

      Defendants-Respondents/
      Cross-Appellants,

and

SCOTT FEUER,

      Defendant-Respondent.

_____

Submitted October 12, 2021 – Decided December 1, 2021

Before Judges Accurso, Rose, and Enright.

---

[1] John Antoun is not a party to this appeal.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7738-17.

Hegge & Confusione, LLC, attorneys for appellants/cross-respondents (Michael Confusione, of counsel and on the briefs).

Basile Birchwale & Pellino, LLP, attorneys for respondent/cross-appellant Jonathan Feuer (Stephen F. Pellino, on the brief).

Steve M. Kalebic, attorney for respondent/cross-appellant Louis Antoun.

PER CURIAM

Plaintiffs Deanna Carlin and Erick Rubel appeal from: (1) a December 6, 2019 order denying their request for a "medical stay"; (2) a July 24, 2020 order dismissing their complaint with prejudice; and (3) a September 11, 2020 order denying their motion for reconsideration of the July 24 order.[2] Defendants Jonathan Feuer and Louis Antoun cross-appeal, arguing the trial judge erred in denying their motions for sanctions. We affirm all challenged orders.

In November 2017, plaintiffs filed a civil complaint alleging that Jonathan Feuer, Rubel's longstanding patient, stole $400,000 in cash from a leather bag located in plaintiffs' attic. The complaint was dismissed in May 2018 for lack

---

[2] To the extent plaintiffs reference other orders which are not the subject of their formal arguments, we do not address those orders.

A-0373-20

of prosecution. It was reinstated in June 2018 and amended two months later. The amended complaint included allegations that Jonathan's father, respondent Scott Feuer,[3] and Antoun, Jonathan's uncle, were involved in the theft, and that Jonathan owed Rubel $1,069,200 in compensation for Rubel's services.

In October 2018, Scott noticed plaintiffs for depositions in December 2018, but they failed to appear. Thereafter, Scott moved to dismiss plaintiffs' complaint without prejudice for failure to provide discovery. The trial court denied the motion, extended plaintiffs' deadline to answer interrogatories, and deferred ruling on other disputed discovery issues.

In April 2019, Scott served plaintiffs with a second set of deposition notices. Plaintiffs informed Scott two days before they were due to be deposed that Carlin would not appear. In response, Scott moved to compel plaintiffs to appear for their depositions and produce discovery, and to bar them from testifying if they failed to comply with deposition notices and discovery requests. Scott also sought an award of counsel fees and costs. The judge denied the motion, noting plaintiffs were in the process of securing substitute counsel.

---

[3] Because Jonathan and Scott share the same last name, we use their first names for the convenience of the reader. We mean no disrespect.

A-0373-20

He allowed plaintiffs thirty days to obtain new counsel, and extended the discovery end date to a date in September.

In June 2019, Scott issued a third set of deposition notices to plaintiffs. Plaintiffs again failed to appear for their scheduled depositions. Antoun moved to strike plaintiffs' complaint for failure to answer interrogatories or provide discovery, and Scott moved to dismiss plaintiffs' complaint for failure to appear for their depositions; alternatively, Scott sought to bar plaintiffs from testifying. He also renewed his request for an award of counsel fees and costs. Jonathan also filed a motion seeking dismissal of plaintiffs' complaint with prejudice, suppression of Carlin's defense to his counterclaim, and an award of counsel fees.

On August 16, 2019, the judge ordered plaintiffs to produce outstanding discovery and appear for depositions the following month. The judge later amended this order to permit defendants to seek dismissal of plaintiffs' complaint if plaintiffs did not attend their court-ordered depositions. Notwithstanding the judge's orders, plaintiffs did not appear for the court-ordered depositions.

All three defendants moved to dismiss plaintiffs' complaint. Plaintiffs cross moved to stay the litigation for medical reasons. Additionally, in

4

November 2019, Carlin signed criminal complaints against defendants in the Haworth Municipal Court, and Rubel signed criminal complaints against defendants in the Waldwick Municipal Court.

On December 6, 2019, the judge denied plaintiffs' request for a medical stay, noting "[t]he medical proofs [plaintiffs] present[ed] [we]re certainly not certified or affidavits or letters" and "fall way short of this [c]ourt being able to find that they rise to a level where a stay should be granted." The judge dismissed plaintiffs' complaint without prejudice, noting they flouted his orders to appear for depositions. He directed that "[r]estoration [would] only occur after [p]laintiffs appear for deposition and provide all [outstanding] discovery."

In March 2020, defendants individually moved to dismiss plaintiffs' complaint with prejudice.[4] Plaintiffs' successor counsel (the fourth attorney to appear on plaintiffs' behalf) opposed the motion. On July 24, 2020, the judge dismissed the complaint, explaining:

> [T]he court has been remarkably patient in attempting
> to afford the plaintiffs the opportunity to prosecute their
> case. A review of this docket will demonstrate orders
> on multiple occasions: March 25, 2019, April 2, 2019,
> February 4, 2019, August 16, 2019, and December 6,

---

[4] That same month, Carlin appeared in the Central Bergen Municipal Court to testify regarding the Haworth criminal complaint she filed against Jonathan. She never testified as the court adjourned the matter to consider defense motions to dismiss. The complaint was subsequently dismissed.

2019, all with regard to discovery issues, all with concerns by the defen[dants] of the failures of the plaintiffs to provide discovery. . . .

It's readily apparent to the court that this case has had nothing but difficulties from the start and . . . four firms . . . have all found that they were unable to continue forward with the representation of the plaintiffs for various reasons.

[O]n August 16, 2019, I ordered that [plaintiffs] appear for depositions on September 18, 2019, and September 19, 2019 at the courthouse. That did not happen, despite . . . that defense counsel was ready, willing and able to proceed. That resulted in a further order by the court on December 6, 2019, denying plaintiffs' motion for a medical stay and dismissing the[ir] complaints . . . without prejudice due to their violations of this court's orders on August 16th and August 26, 2019— for failure to appear and produce original documents and personal property items for inspection.

The order indicated restoration only . . . after plaintiffs appear for deposition and . . . provide all outstanding discovery. There was absolutely no movement by the plaintiffs at any time until, apparently, mid-June when [their attorney] filed a notice for appearance.

It was then that . . . defendants filed a motion to strike with prejudice. . . . [T]he matters that [transpired] by and between attorneys . . . were fits and starts in trying to work these things out. But at no point have the plaintiffs produced the documents which were requested on multiple occasions, or appear[ed] for depositions. . . .

A-0373-20

> This has gone on for well over a year-and-a-half and I've afforded them every opportunity and they've had four attorneys through that time . . . .
>
> [W]hile there have been continued protestations by the plaintiffs as to their inability to appear and do things, the court takes judicial notice of . . . municipal court criminal proceedings—other civil proceedings in which the plaintiffs have undertaken to prosecute matters, but have failed to do so here. . . . [T]he record is replete with . . . a litany of failures on the part of the plaintiffs to live up to their discovery obligations, yet to prosecute matters in other places and obtain attorneys to represent them in other cases . . . .
>
> I've done everything I can to provide the plaintiffs with their opportunity to prosecute this case, but the record . . . now reflects that they've done everything to prevent that from occurring and so I'm going to dismiss this matter with prejudice.

In August 2020, Antoun moved for sanctions against plaintiffs, pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59. That same month, plaintiffs filed a motion for reconsideration of the dismissal with prejudice order, and Jonathan moved for sanctions, pursuant to Rules 4:23-2(b) and 4:23-5.

The parties appeared for argument on September 11, 2020 to address their cross-applications. At the hearing, the judge reiterated some of the reasons he previously dismissed the complaint and found there was no basis to reconsider the dismissal. He also denied defendants' requests for sanctions without prejudice, finding that plaintiffs had a "good faith belief at the time they brought

the . . . complaint as to the merits of it."  The judge added, "whether they had the ability and obligation to then re-analyze and reflect and consider proceeding forward is another issue."  (Emphasis added).  The judge also determined that awarding sanctions would likely not result in "monetary recoveries beyond what the attorneys will then be forced to do to try to recover on them."  Nonetheless, the judge issued the stark warning that

> [p]laintiffs and their attorneys are put on notice that the court does find that there would be a basis for sanctions, continuing this case going forward. . . .
>
> So, I'm not going to award sanctions[,] but I don't want anyone to . . . be of the impression that that would . . . not [be] considered as the appropriate remedy going forward[.]

On appeal, plaintiffs argue the judge abused his discretion in "ordering the ultimate sanction of dismissal of" their complaint, and that he should have granted their request to stay the action.  On cross-appeal, Jonathan and Antoun contend the judge erred in denying their requests for sanctions against plaintiffs.  Antoun also argues plaintiffs' appeal is untimely.[5]  We find these arguments unavailing.

---

[5]  We acknowledge that plaintiffs filed their notice of appeal two days late. Nonetheless, we exercise our discretion to consider plaintiffs' notice of appeal as a motion for leave to file a notice of appeal out of time and grant the motion

We review each issue raised in the parties' cross-appeals for an abuse of discretion. See, e.g., Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995) (dismissal with prejudice for discovery misconduct); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (denial of motion for reconsideration); McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011) (denial of frivolous litigation sanctions); and State v. Maisonet, 245 N.J. 552, 566 (2021) (denial of a continuance).

An abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted); see also State v. R.Y., 242 N.J. 48, 65 (2020). Reversal is warranted only if "the discretionary act was not premised

---

sua sponte under Rule 2:4-4(a). See Potomac Aviation, LLC v. Port Auth. of N.Y. & N.J., 413 N.J. Super. 212, 221-22 (App. Div. 2010) (extending the time for filing an appeal from a summary judgment order six days sua sponte under Rule 2:4-4(a) where the appeal from the denial of a reconsideration motion was timely, and the substantive issues presented and the judge's rulings and reasoning on both motions were the same); Seltzer v. Isaacson, 147 N.J. Super. 308, 311-12 (App. Div. 1977) (extending the notice of appeal deadline pursuant to Rule 2:4-4(a) sua sponte where the appeal was filed nine days late because appellant "could have" obtained such relief by a timely application and because "the issues have been fully briefed"). We therefore address the merits of plaintiffs' arguments on appeal.

upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

In support of their argument that the judge erred in dismissing their action, plaintiffs contend the judge abused his discretion by disregarding their medical documentation and denying their request to stay the action. They rely on Rodriguez v. Luciano, 277 N.J. Super. 109 (App. Div. 1994) to support their contention. We are not persuaded.

In Rodriguez, the appellate panel affirmed the order of the trial court dismissing plaintiff's complaint with prejudice after finding the plaintiff in that action failed to demonstrate the exceptional circumstances necessary to defeat a motion to dismiss with prejudice. Id. at 112-13. As the Rodriguez court noted, after a "with prejudice" motion is filed,

> there can be no restoration unless the delinquent party can demonstrate an entitlement to relief based on "exceptional circumstances." To meet that standard, there would have to be proved the existence of external factors (such as poor health or emergency) which substantially interfered with the party's ability to meet the discovery obligations.
>
> [Id. at 112 (quoting Suarez v. Sumitomo Chemical Co., 256 N.J. Super. 683, 688-89 (Law Div. 1991)).]

Here, the judge found no such exceptional circumstances existed to justify restoration of the parties' complaint. Indeed, he determined, "[t]he medical proofs [plaintiffs] present[ed] [we]re certainly not certified or affidavits or letters" and "fall way short of this [c]ourt being able to find that they rise to a level where a stay should be granted." Additionally, the judge took judicial notice that, at the same time Rubel claimed he was "unable to medically participate in any litigation," and Carlin alleged she was "psychologically and medically unable to withstand further litigation pro se[,]" both parties were actively participating in "both municipal court criminal proceedings . . . [and] other civil proceedings." In fact, plaintiffs signed criminal complaints against defendants in Haworth Municipal Court and Waldwick Municipal Court a few weeks prior to moving for a medical stay. In October 2019, plaintiffs also filed a civil suit in Superior Court against a third party unrelated to this matter.

A trial court has "an inherent and necessary right to control its own calendar[.]" Maisonet, 245 N.J. at 566 (quoting State v. Hayes, 205 N.J. 522, 538 (2011)). Indeed, "broad discretion must be granted trial courts on matters of continuances." Ibid. (quoting Morris v. Slappy, 461 U.S. 1, 11 (1983)). Accordingly, we review a trial court's decision on a request for a continuance for an abuse of discretion. Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233

11

(App. Div. 2020). Given that plaintiffs' medical proofs were lacking, we are not convinced the judge abused his discretion in denying plaintiffs' request to stay their action.

Next, plaintiffs argue that before the judge dismissed their action and denied their motion to reconsider the dismissal, he should have conducted an evidentiary hearing to determine whether defendants were prejudiced by plaintiffs' non-compliance with their discovery demands and the judge's orders that plaintiffs appear for depositions. Again, we disagree.

Our "[d]iscovery rules are designed 'to further the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability[,] and security in the conduct of litigation.'" Abtrax, 139 N.J. at 512 (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)). "It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof." Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 387 (App. Div. 1990) (quoting Evtush v. Hudson Bus Transp. Co., 7 N.J. 167, 173 (1951)).

Under Rule 4:23-2, if a party fails to provide court-ordered discovery, the court may issue "such orders in regard to the failure as are just," including orders "striking [the] pleadings . . . or dismissing the action . . . with or without

12

prejudice[.]" R. 4:23-2(b).  Although the sanction of dismissal under that Rule "is drastic and . . . generally not to be invoked[,]" a court may do so "in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious."  Abtrax, 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)).  A judge is not required to hold an evidentiary hearing before dismissing a complaint for failure to comply with a discovery order.  Id. at 518-19.

Here, despite the many extensions granted by the judge to allow plaintiffs sufficient time to respond to defendants' discovery demands, plaintiffs repeatedly ignored defendants' requests to appear for depositions, and ultimately violated the judge's order that they appear for court-ordered depositions.  Still, the judge waited until December 6, 2019 to dismiss plaintiffs' complaint without prejudice, i.e., more than two years after plaintiffs filed their complaint and months after they defied the judge's order to submit to depositions.  Thereafter, plaintiffs neither provided defendants with the outstanding discovery ordered nor appeared for depositions.  Further, they failed to show their recalcitrance was due to exceptional circumstances.  See Rodriguez, 277 N.J. Super. at 112.  Thus, we are satisfied the judge correctly determined at the July 24, 2020

13

hearing that plaintiffs' dilatory tactics were "beyond the pale" and that even after he provided plaintiffs with ample "opportunity to prosecute this case," they "d[id] everything to prevent that from occurring."

Likewise, we perceive no reason to disturb the judge's September 11, 2020 denial of plaintiffs' motion for reconsideration. We have determined

> [m]otions for reconsideration are granted only under very narrow circumstances[.] Reconsideration should be used only for those cases which fall into that narrow corridor in which either (l) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (internal citations omitted).]

Here, the judge denied plaintiffs' motion for reconsideration, noting:

> I don't think there's a reason or a necessity – to more fully place [the reasons for dismissal] on the record except to say that there were multiple violations of multiple [c]ourt orders over extended periods of time with no attempt by the [p]laintiffs to correct those things for . . . a period of time that just goes beyond whatever could be accept[ed] by . . . a trial court.

The judge reiterated, too, that while plaintiffs "were undertaking other proceedings" they "chose to ignore this one." He added that plaintiffs "chose to not provide discovery . . . probably well over [eighteen] months, if not [twenty-

14

four] months," and ignored the instant action at their "peril, particularly when there's been an order entered dismissing [the case] without prejudice."

Mindful of our deferential standard of review, and satisfied the judge's findings are amply supported by the record, we perceive no basis to disturb either his "with prejudice" dismissal of plaintiffs' complaint, or his denial of plaintiffs' motion for reconsideration.

Finally, we address defendants' cross-appeals. Jonathan argues that his motion for sanctions should have been granted because of plaintiffs' "history of deliberate non-compliance with discovery obligations," and Antoun contends that his motion for sanctions should have been granted because "[t]he allegations against [him] seem to have been perpetuated . . . for the sole purpose of tormenting [him]," and the "facts clearly show that [p]laintiffs . . . only filed their complaint with the intent to frustrate [him]." We are not convinced.

We review a judge's decision to deny sanctions or fees for an abuse of discretion. See Kolczycki v. City of East Orange, 317 N.J. Super. 505, 512 (App. Div. 1999) (standard of review of a trial court's decision not to impose sanctions under Rule 4:23-2(b) is abuse of discretion); In re Estate of Ehrlic, 427 N.J. Super. 64, 76 (App. Div. 2012) (standard of review of a trial court's decision not to impose sanctions under the Frivolous Litigation Statute is abuse

A-0373-20

of discretion). Trial courts are afforded "wide discretion in deciding the appropriate sanctions for a breach of discovery rules" under Rule 4:23, but "the sanction must be just and reasonable." Conrad v. Robbi, 341 N.J. Super. 424, 441 (App. Div. 2001) (quoting Mauro v. Owens-Corning Fiberglas Corp., 225 N.J. Super. 196, 206 (App. Div. 1988)). Our Supreme Court has confirmed that in addition to dismissing an action, a trial court may employ other sanctions for discovery violations, "such as orders to compel, the award of reasonable expenses incurred in obtaining the [discovery], and counsel fees." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004) (citing R. 4:23-1 to -5). Similarly, sanctions imposed under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 "are not to be issued lightly; they are reserved for particular instances where a party's pleading is found to be 'completely untenable,' or where 'no rational argument can be advanced in its support[.]'" McDaniel, 419 N.J. Super. at 499 (quoting United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009)).

Governed by these principles, we cannot conclude the judge abused his discretion in denying defendants' requests to impose sanctions or fees after having imposed the "ultimate sanction" of dismissal with prejudice. Zaccardi v. Becker, 88 N.J. 245, 253 (1982). Here, the judge found plaintiffs initially instituted their action with "a good faith belief" their claims were meritorious,

but he questioned "whether they had the ability and obligation to then re-analyze and reflect and consider proceeding forward." Accordingly, we are not persuaded the judge abused his discretion in denying defendants' requests for sanctions and counsel fees. See First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2017) ("Where a party has a reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded."); Ehrlic, 427 N.J. Super. at 77 (affirming a trial court's refusal to impose sanctions under the Frivolous Litigation Statute when there was a good faith and reasonable basis in law for the claim); see also Iannone v. McHale, 245 N.J. Super. 17, 32 (App. Div. 1990) (citations omitted) (finding that the mere fact "some of the allegations made at the outset of litigation later proved to be unfounded does not render [the complaint] frivolous").

To the extent we have not addressed the parties' remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0373-20