**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3750-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

$2,430.00 IN U.S. CURRENCY,
and $251.00 IN U.S. CURRENCY,

    Defendants.

_____

Submitted October 4, 2021 – Decided October 20, 2021

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-0820-16.

Shawn Flemmings, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this civil forfeiture action, Shawn Flemmings appeals pro se from: (1) an October 24, 2019 judgment confirming forfeiture by default, thereby extinguishing his right to $2,430 and $240 in United States currency and vesting title to the property with Passaic County; and (2) a January 7, 2020 order, denying reconsideration of the judgment.[1] We reverse and remand.

We summarize the relevant facts and procedural history from the limited record before the trial court. On January 25, 2016, the State of New Jersey filed a verified complaint in the Law Division, Special Civil Part, seeking forfeiture of $2,430 and $251[2] in United States currency. The complaint alleged that on October 26, 2015, Flemmings was arrested in Passaic County for indictable drug offenses, having been "in actual or constructive possession" of certain narcotics

---

[1] We granted claimant's motion to file an amended notice of appeal as within time but limited the appeal to the January 7, 2020 order denying reconsideration. Nonetheless, claimant's ensuing merits brief addresses the October 24, 2019 forfeiture judgment. Although we could dismiss the appeal for failure to comply with our order, we address the propriety of the judgment here, where the State has not moved to dismiss the appeal and opposes Flemmings' challenge to the underlying judgment. Accord W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 459 (App. Div. 2008) (addressing the merits of an order dismissing the plaintiff's complaint, where the plaintiff only specified the order denying reconsideration in its notice of appeal and because the "defendant ha[d] not argued against our ruling on its validity").

[2] The record reveals no explanation as to why the $251 figure referenced in the State's complaint was reduced to $240 in the 2019 default judgment.

and currency seized at the time of his arrest. Flemmings was the sole potential claimant named in the complaint.

On the same date, the Special Civil Part mailed the summons and complaint to the Passaic County Jail (PCJ), where Flemmings was incarcerated. See R. 6:2-3(d)(1). On February 1, 2016, the United States Postal Service issued proof that service was made at the PCJ by certified mail on January 30, 2016.

Because Flemmings failed to file an answer or otherwise respond to the State's complaint, default was automatically entered by the Special Civil Part on March 7, 2016. According to the State, Flemmings "submitted"[3] a "Complaint Certification" and answer, both dated March 2, 2016, but failed to "file" the answer and certification with the court. Notably, Flemmings certified he "read the Verified Complaint in this matter," and had "personal knowledge of the facts in the Verified Forfeiture Complaint and they are not true." His answer asserted he was not indicted for any crimes and the allegations were "fabricated" because "$251 was on [Flemmings] at the time of the arrest and $2,430 was confiscated from an automobile search." Flemmings also claimed the confiscated currency was owned by third-party claimant Ricmarie Sierra Figueroa.

---

[3] It is unclear whether Flemmings "submitted" the unfiled answer and certification to the court or only to the prosecutor's office.

In its ensuing March 23, 2019 correspondence to Flemmings, the State explained, "in the interest of due process and fairness," he was required "to vacate the default and file his answer with the [c]ourt." Because Flemmings' unfiled answer named a potential third-party claimant, the State further noted that individual was required to file a motion to intervene in the action. The State enclosed a consent to vacate the default if Flemmings filed an answer by April 7, 2016.

Flemmings failed to file a timely answer. On April 27, 2016, Figueroa's answer was rejected by the court because she was a non-party. According to the State's merits brief, the matter was "archived by the [c]ourt"[4] in January 2018.

In September 2019, because more than six months had elapsed after the entry of default, see R. 6:6-3(d), the State moved to reinstate the matter and enter default judgment against Flemmings, who cross-moved "to vacate the default and/or default judgment." In his October 7, 2019 proposed answer, Flemmings claimed "to date," he "was never served with [the] summons and complaint regarding the instant action." Flemmings further averred: "The money seized in this case was not in [his] possession at the time of arrest." And

---

[4] The State has not provided the Special Civil Part's notice of dismissal or order "archiving" the matter. See generally R. 1:13-7 (authorizing dismissal of a complaint for lack of prosecution).

A-3750-19

in his certification in support of the motion, Flemmings stated he "was informed by the State that [the] currency would not be subject to return until the completion of [his] criminal matter."

On October 24, 2019, the trial court granted the State's motion for forfeiture pursuant to N.J.S.A. 2C:64-6 "as a result of the claimant failing to answer in accordance with N.J.S.A. 2C:64-3(e)." In doing so, the court apparently denied Flemmings' cross-motion.[5]

Flemmings moved for reconsideration of the October 24, 2019 judgment. He maintained he "never received any complaint or summons regarding this action," and first received notice about the matter in September 2019. The State did not oppose the motion. On January 7, 2020, the court denied the application, finding: "Flemmings did not point to any controlling evidence or case law which the [c]ourt failed to appreciate when it issued its initial order granting default judgment in the State's favor." This appeal followed.

On appeal, Flemmings primarily argues his due process rights were violated by the State's failure to serve him with notice of the forfeiture action, thereby requiring vacatur of the judgment. He also contends the court failed to

---

[5] The parties did not provide a trial court order denying Flemmings' cross-motion.

A-3750-19

consider his reasons for not timely answering the complaint. Asserting the judgment was not accompanied by any findings of fact or conclusions of law, contrary to Rule 1:7-4, Flemmings alternatively seeks a remand. For the first time on appeal, Flemmings also seeks a remand to stay the proceedings pending the outcome of the underlying federal criminal charges.

We commence our review with well-settled principles. A trial court's order on a motion for reconsideration will not be set aside unless shown to be a mistaken exercise of discretion. See, e.g., Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). Reconsideration should only be granted in those cases in which the court based its decision "upon a palpably incorrect or irrational basis," or did not "consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); see also Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002). Similarly, our standard of review of a trial court's determination on a motion to vacate a default or a default judgment also warrants substantial deference and "should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Forfeiture proceedings are in rem proceedings "brought not against the owner or possessor of the property but . . . against the property." State v. Seven Thousand Dollars, 136 N.J. 223, 232-33 (1994). A complaint is filed against the property because "[t]he theory of forfeiture is 'based on the misuse of the property rather than resulting from the commission of an offense by its owner or user.'" Id. at 233 (quoting State v. One 1986 Subaru, 230 N.J. Super. 451, 455 (App. Div. 1989), aff'd in part, rev'd in part, 120 N.J. 310 (1990)).

A forfeiture action may be instituted against two types of property: prima facie contraband and derivative contraband. Ibid. Prima facie contraband includes controlled dangerous substances, while derivative contraband, such as the currency at issue here, "is itself innocent in nature but has been used or is intended to be used in furtherance of an unlawful activity or is the proceeds of illegal activities." Ibid. (citing N.J.S.A. 2C:64-1(a)(2)-(4)). Pursuant to N.J.S.A. 2C:64-3(e), if no answer is filed in response to a forfeiture complaint, "the property seized shall be disposed of pursuant to N.J.S.A. 2C:64-6."

As a preliminary matter, the record directly contradicts Flemmings' assertion that he was not served with the summons and complaint. However, on this record, we cannot conclude the trial court considered Flemmings' argument

that the moneys "would not be subject to return" while the federal criminal matter was pending.  See Palombi, 414 N.J. Super. at 288.

Our review is hampered by the court's failure to provide a thorough statement of reasons on the State's motion for judgment by forfeiture and Flemmings' motion for reconsideration.  See R. 1:7-4 (requiring the trial court to "find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right"); see also Curtis v. Finneran, 83 N.J. 563, 570 (1980) ("Naked conclusions do not satisfy the purpose of R[ule] 1:7-4."); Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996) ("The absence of adequate findings . . . necessitates a reversal[.]").  Moreover, the court failed to correlate factual findings with conclusions of law, or otherwise explain its decisions.  Further, its decisions are devoid of any citation to, and analysis of the governing law.

Instead, the October 24, 2019 judgment reflects only one reason for its entry:  "the claimant(s)" failure to answer the State's complaint.  Accordingly, the judgment is silent as to whether the court considered Flemmings' attempt to file his answer in March 2016.  Nor did the court make any finding that the State satisfied its burden of demonstrating the currency seized was "in furtherance of," "to facilitate the perpetration of," or as "an integral part of" [an] illegal act.

Seven Thousand Dollars, 136 N.J. at 234 (quoting N.J.S.A. 2C:64-1(a)). The January 7, 2020 order denying reconsideration also fails to expound upon the sole reason supporting the judgment confirming forfeiture.

Finally, the court did not rule on Flemmings' cross-motion to vacate default and file an answer. Accordingly, we cannot determine whether the court considered Flemmings' arguments on his cross-motion.

We therefore vacate the October 24, 2019 judgment and January 7, 2020 order and remand for the court to consider the arguments raised in Flemmings' cross-motion, and to set forth its findings and conclusions on the parties' cross applications.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3750-19