**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2164-24

NAKIA PERRY-GOFFNEY,

    Plaintiff-Respondent,

v.

CEDARPEAK MANAGEMENT,
LLC,

    Defendant-Appellant.

_____

Submitted November 18, 2025 – Decided March 20, 2026

Before Judges Sumners and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket Nos. SC-001182-23 and DC-001735-24.

O'Hanlon Schwartz, PC, attorneys for appellant (Israel A. Schwartz and Noah A. Schwartz, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

In this tenant-landlord dispute, defendant Cedarpeak Management, LLC appeals the Special Civil Part, Small Claims Section, orders of: October 25, 2024 denying its motion to vacate default, reinstate its counterclaim, and transfer the matter to the Special Civil Part; and February 21, 2025 entering judgment in favor of plaintiff for $4,419.75.[1]  We reverse and remand for trial on the complaint and counterclaim.

On November 17, 2023, self-represented plaintiff Nakia Perry-Goffney filed a small claims complaint against defendant, her former landlord, seeking return of her security deposit.  A November 20 court mailing to plaintiff stated: "A SUMMONS WAS ISSUED 11-22-23 AND A NON-JURY TRIAL HAS BEEN SCHEDULED FOR THIS CASE ON 01-10-2024 AT 08:45 AM."

On January 4, 2024, the court mailed a notice to defendant addressed to "1391820 Swarthmore Avenue," stating that "A NON-JURY TRIAL HAS BEEN SCHEDULED FOR THIS CASE ON 01-31-2024 AT 8:45 AM." Plaintiff was mailed a similar notice.[2]

---

[1]  Defendant's notice of appeal also states that it is appealing orders of March 26, 2024 and September 28, 2024.  However, there are no orders for those dates, but merely Special Civil Part case summary entries.

[2]  Another court notice—which is undated—stated:  "Your trial scheduled for 1/10/2024 at 08:45 AM has been rescheduled.  A trial has been scheduled in this

On January 30, defendant's then counsel electronically filed (e-filed) his appearance and defendant's counterclaim for unpaid rent in excess of the jurisdictional limit of the small claim. Counsel included his certification stating, among other things, that the counterclaim was filed "in good faith, and not for the purposes of delay." Counsel also e-filed a letter that day stating plaintiff provided the court with defendant's incorrect address, 1391820 Swarthmore Avenue Lakewood, NJ 08701, rather than the correct address of 1820 Swarthmore Avenue, P.O. Box 139, Lakewood, NJ 08701. Counsel also requested an adjournment because defendant never received the notice rescheduling trial on January 31 and stated he would be filing a counterclaim which should transfer the matter from the Small Claims Section to the Special Civil Part.

On January 31, the Judiciary eCourts System (court docket) showed that: "The 'Trial' Proceeding for CAM-SC-001182-23 scheduled for 01/31/2024 has been: 'Cancel [sic].'" Plaintiff, however, was in court that afternoon at 12:26 p.m. when the matter was called for trial. The court transcript indicates the court clerk informed the judge that a counterclaim had been filed and that the case

_____

case to take place on 1/10/2024 at **1:30 PM**." There is no record of what, if anything, happened on January 10, 2024 regarding plaintiff's complaint.

3

was moving to the Special Civil Part. However, the judge stated: "Defendant Cedarpeak Management? Anybody? No appearance by the defendant. Default in favor of the plaintiff against the defendant entered default." No notice of default was sent to defendant or noted on the court docket.

Following the issuance of a summons for defendant's counterclaim under the Small Claims Section docket, the matter was assigned to the Special Civil Part docket, and trial was scheduled for March 26 at 8:45 a.m.[3] All parties appeared at trial. After discussing the procedural case history with the court clerk on the record and without seeking the parties' positions, the judge sua sponte dismissed the counterclaim because defendant did not appear for trial on January 31. The judge refused to change the ruling despite defendant's counsel's plea that the January trial date was adjourned and a request for default on the counterclaim had been filed but not decided. Defendant then moved to vacate the default and proceed to trial. After plaintiff advised the judge she objected to reopening the matter and proceeding to trial, the judge said: "So, basically you made your motion on the record. That's denied. Okay." A subsequent court

---

[3] After plaintiff failed to answer the counterclaim, defendant moved for default. However, for reasons that are unclear in the record, the court did not respond to default request.

4

docket entry on April 5, noted that the March 26 trial date had been "scheduled in error." There is no order memorializing the judge's decisions that day.

After unsuccessfully moving for default judgment in June and July, the court determined plaintiff's August submission was sufficient and scheduled a proof hearing for September 25. Prior to the entry of default judgment, defendant's new counsel moved to vacate default and reinstate the counterclaim. Plaintiff did not oppose the motion.

On October 25, the judge denied the motion with prejudice following argument. In an oral decision, the judge reasoned that he did not authorize the cancellation of the January 31 trial date and criticized defendant's counsel for "taking advantage of this improper docket entry that was clearly made by mistake." The judge then addressed the merits of the counterclaim, stating it was filed "without leave of [c]ourt, it's not even clear, and there is no real prima facie showing, good faith showing, that the damages claimed exceeded the $5,000" small claims threshold.

On February 21, 2025, the judge entered a $4,419.75 judgment in favor of plaintiff.

Defendant appeals, contending the judge erroneously denied its motion to vacate default and vacate dismissal of its counterclaim, on the basis that it did

5

not appear for trial on January 31, despite the fact the trial date was cancelled based on the court docket. We agree.

There was good cause for why defendant did not appear at trial on January 31, 2024, which resulted in the entry of default. The judge mistakenly applied his discretion in denying defendant's unopposed motion to vacate default, which was filed before default judgment was entered. See R. 4:43-3 (providing that a judge may vacate the entry of default upon a showing of "good cause"); Estate of Semprevivo ex rel. Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021) (quoting Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)) (finding good cause requires the trial judge to exercise "sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [c]ourt [r]ule being applied"). Defendant filed an appearance the day before trial and requested an adjournment because it filed a counterclaim exceeding the jurisdictional limit of the Small Claims Section and removed the matter to Special Civil Part.

On the day of trial, the court docket stated the trial was cancelled. Therefore, defendant had good cause not to appear in court that day. In fact, no notice of default was entered against defendant, and the court relisted the trial for March 26, 2024, where both parties appeared but the judge ruled that

A-2164-24

defendant defaulted for not appearing on January 31. On the other hand, we can surmise that plaintiff appeared at court that day because she did not view the court docket prior to going to the courthouse, which is understandable given that she was self-represented.

We discern no reasonable basis for the judge to find that defendant's counsel took advantage of a docket entry made by mistake to not appear on January 31. Defendant did not appear for trial because it requested an adjournment the day before trial and the court docket stated the next day that the trial date was cancelled. Such occurrences are not unusual.

Moreover, the judge does not cite any court rule or case law to support sua sponte dismissing the counterclaim because defendant did not file a motion to obtain permission to assert the counterclaim. See R. 1:7-4 (requiring a trial judge provide "conclusions of law" in making decisions). That aside, we recognize that the counterclaim is short on factual assertions, merely stating that "[p]laintiff vacate[d] [defendant's apartment] owing a large sum of money" and demanding "damages in an amount over $5,000 but not to exceed $20,000, interest, costs and reasonable attorney's fees." However, at that stage of the proceedings, defendant sufficiently asserted a meritorious defense that plaintiff owed it unpaid rent to warrant setting aside the default judgment that was

7

eventually entered.  See R. 4:50-1; O'Connor v. Altus, 67 N.J. 106, 129 (1975) (establishing a meritorious defense is necessary for setting aside both a default and a default judgment).

Whether defendant prevails at trial is not the issue before us, but this matter "should be resolved on the merits rather than on procedural violations." Tr. Co. of N.J. v. Sliwinski, 350 N.J. Super. 187, 192 (App. Div. 2002).  The trial judge should have exercised his discretion differently and granted defendant's motion to vacate default.  In turn, the judge should not have dismissed defendant's counterclaim on its own motion.  Consequently, the final judgment in favor of plaintiff is vacated.

Finally, given the trial judge's prior findings and orders, we direct on remand that the matter be considered by a different judge to avoid any claim of partiality.  See Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999) (explaining a remand to a different judge may be appropriate "when there is a concern that the trial judge has a potential commitment to [their] prior findings"); Carmichael v. Bryan, 310 N.J. Super. 34, 49 (App. Div. 1998) (noting that a judge's expression of opinion might evidence a "commitment to [their] findings").  We again express no views regarding the outcome on remand.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

8

A-2164-24